PATTON, ADM'R, ET AL. *v.* RANKIN ET AL.          | 68   245 |
                                                     | 154   85 |

HUSBAND AND WIFE.—*Land held by Entireties.*—*Crops.*—*Execution against Husband.*—A crop raised on land held by husband and wife by entireties is held by them in the same manner and subject to the same law as the land itself; and such crop is, therefore, not subject to levy and sale on an execution against the husband.

From the Rush Circuit Court.

*B. W. Wilson* and *W. B. Wilson*, for appellants.

*G. B. Sleeth, J. W. Study, G. C. Clark* and *J. W. Brown,* for appellees.

SCOTT, J.—This action was brought by the appellees, against the appellants, to enjoin the sale of certain corn levied on by the appellant Hall, as sheriff, by virtue of an execution issued on a judgment in the Decatur Circuit Court, in favor of Josiah M. Collins, of whose estate the appellant Patton was the administrator.

It appears from the complaint, that Samuel Donnell was the father of the appellee Hester Rankin; that Hester and James Rankin were husband and wife; that, on the 13th day of August, 1861, the father conveyed to his daughter and her husband certain land, which is described, jointly, giving them a title by entireties, as an advancement to his daughter; that Hester and James Rankin and family lived on the land; that a crop of corn was raised on the land by James Rankin and a minor son of James and Hester; that, on the 13th day of May, 1874, Collins, the intestate, recovered a judgment in the Decatur Circuit Court against James A. Rankin, the husband of Hester; that Collins died, and Patton became the administrator of his estate; that in July, 1876, Patton had an execution issued on the judgment in favor of Collins, his intestate, and that by virtue of this execution the corn was levied on by the appellant Hall, as the sheriff of Rush county; that the sheriff had advertised the corn, and was about to sell the same on said execution. Prayer for a perpetual injunction.

The defendants demurred to the complaint for the want of sufficient facts. The demurrer was overruled and exception entered.

The precise question for our determination is whether a crop, raised by a husband upon land held by husband and wife by entireties, is subject to levy and sale on an execution against the husband.

This court has decided, that, where land is deeded to husband and wife, the husband has not such an estate in the land as is subject to sale on execution. *Davis v. Clark,* 26 Ind. 424. It has also been decided by this court, that where land is conveyed to husband and wife, and held by them by entireties, the husband can not convey any interest in such land by his separate deed. *Arnold v. Arnold,* 30 Ind. 305.

It has also been decided by this court, that, where land is held by entireties by husband and wife, the husband can not mortgage the land, and that a mortgage by the husband, on land thus held, the wife not joining therein, is void. *Chandler v. Cheney,* 37 Ind. 391.

It has been held by this court, that the rents and profits of land belonging to a married woman can not be sold on execution against the husband, without the consent of the wife. *Montgomery v. Hickman,* 62 Ind. 598.

We now decide that a crop, raised on land held by husband and wife by entireties, is held by them in the same manner and subject to the same law as the land itself; and such crop is, therefore, not subject to levy and sale on an execution against the husband.

The demurrer to the complaint was properly overruled.

The judgment is affirmed, at the costs of the appellants.