Filed Dec. 12, 1884.

---

## No. 11,353.

### METZNER ET AL. *v.* BAUER ET UX.

RECEIVER.—*Right to Sue.—State Comity.*—A receiver appointed by a competent court of another State, with authority to sue, may, on the ground
. of inter-state comity, maintain such suit in the courts of this State. ·

SAME.—*Parties.—Recovery of Trust Fund.*—Where a receiver is appointed
by a competent court and authorized as such, or jointly with the beneficiary·of the fund, to sue for the recovery of certain moneys which have
been wrongfully paid out, the receiver and . beneficiary may properly
join as plaintiffs in such suit, making defendants only the parties liable,
and such others as may be necessary for complete relief by reaching
lands in which the moneys may have been invested.

JUDGMENT.—*Reversal.—Payment.*—Money paid in satisfaction of a judgment, afterwards reversed, may be recovered back.

From the Dubois Circuit Court.

*L. N. Dembitz, B. Buettner* and *O. A. Trippet,* for appellants.
*W. A. Traylor* and *W. S. Hunter,* for appellees.

HAMMOND, J.—Separate demurrers of the appellees were
sustained by the court below to the appellants' complaint,
and these rulings are assigned as error.

The facts alleged in the complaint, so far as it is material
to state them, were substantially as follows:

John P. Zimmerman, of Jefferson county, Kentucky, died
testate, and his will was duly admitted to probate. By his
will, the appellant Matthaeus Metzner, a son of the testator's

sister, the appellee Kunigunda, a daughter of the testator's brother, since intermarried with the appellee George Bauer, and others were made legatees. The will provided that certain real estate, of which the testator was seized at the time of his death, should be sold by his executor and the proceeds thereof paid to the legatees. In a proceeding in which the beneficiaries of the will were parties, in the chancery court of Louisville, Kentucky, the executor, by order of court, sold the real estate and paid the proceeds thereof into court. Appellee Kunigunda, afterwards, upon an order obtained from the court, received from the proceeds of the sale $881.70, as the portion supposed to belong to her under the will, on the theory that she took *per stirpes*. On appeal by Metzner to the Court of Appeals of Kentucky, said order of the chancery court of Louisville, directing payment of the above amount to said Kunigunda, was reversed, it being there decided that the legatees under the will took *per capita* instead of *per stirpes*. By this decision, Kunigunda was entitled to the sum of $545.60 only, as her portion of the proceeds of the sale of the testator's real estate, which, deducted from the amount paid her, left in her hands $336.10 to which she was not entitled. Averments are made in the complaint showing that of the amount so overpaid her, $315.79 belonged to the appellant Metzner, and should have been paid to him; and for this sum, with interest, this suit was brought.

The complaint shows that appellant Watts was duly appointed by said Louisville court as receiver to collect said sum due to Metzner; that such receiver was authorized to collect it by suit in his own name, or in an action jointly with Metzner, and that he qualified and gave bond. After receiving said money, appellee Kunigunda intermarried with her co-appellee, who, it is charged, received from her money and goods to an amount in excess of that due from her to Metzner. It is also averred that her husband received from her the money in controversy, and invested it in certain described real estate, taking the title thereto in his own name. It is

also charged that the appellees converted the money to their own use. The relief prayed was for judgment in the sum of $600, that the judgment be declared a lien upon the real estate mentioned, and that such land be sold to pay appellants' claim, etc.

Appellees' demurrers to the complaint were upon the grounds that appellants did not have legal capacity to sue; that there was a defect in parties plaintiffs, for the reason that the legatees named in the will of John P. Zimmerman should have joined as plaintiffs; that there was a defect of parties defendants, for the reason that said legatees should have been made defendants; and that the appellants' complaint did not state facts sufficient to constitute a cause of action.

No reason is suggested why the appellant Metzner has not legal capacity to sue, and we have not been able to discover any from the complaint. If it is to be inferred that he is an infant, his appearance by his next friend was not necessary, as such appearance is only required when an infant is sole plaintiff. Section 256, R. S. 1881.

As to appellant Watts, who, as receiver, appointed by the Kentucky court, joins with Metzner in bringing the suit, it is urged that a receiver appointed by the court of another State has no right to maintain a suit in this State. This position is not without authority to sustain it. But there is abundant authority the other way, holding that, as a matter of comity, a receiver may sue in the courts of a State other than that in which he was appointed. *Runk* v. *St. John,* 29 Barb. 585; *Hoyt* v. *Thompson,* 5 N. Y. 320; *Bagby* v. *Atlantic, etc., R. R. Co.,* 86 Pa. St. 291; *Hurd* v. *City of Elizabeth,* 41 N. J. 1; High Receivers, sections 239–244.

The question is now presented for the first time in this court, and, in harmony with the decisions above cited, we think it is better to hold, and therefore decide, that, as a matter of comity, receivers duly appointed and qualified in other States may, to the extent of their authority, maintain suits in the courts of this State.

The amount sued for in the present case is shown by the averments of the complaint to be due exclusively to the appellant Metzner. There was, therefore, no reason or necessity for joining other beneficiaries of Zimmerman's will as parties plaintiff or defendant.

The complaint stated a good cause of action. Money paid on a judgment which is afterward reversed may be recovered back. *Martin* v. *Woodruff*, 2 Ind. 237; *Smith* v. *Zent*, 83 Ind. 86 (43 Am. R. 61); *Green* v. *Stone*, 1 Har. & J. (Md.) 405; *Clark* v. *Pinney*, 6 Cowen, 297. The mere fact that the appellee Kunigunda obtained money to which she was not entitled, and which was held under the authority of the Louisville court in trust for appellant Metzner, gave the latter a good cause of action against her. As she afterward intermarried with her co-appellee, who received from her money and goods in excess of the amount of money overpaid to her, he became personally liable for its payment to Metzner. Section 5125, R. S. 1881. Moreover, it is alleged that with the money improperly received by his wife, he purchased real estate in his own name. The law is familiar that a *cestui que trust* may follow trust funds into the hands of third persons and recover as against such persons, where equities do not intervene in their behalf, and may, when such funds enter into the purchase-money of real estate, acquire a lien thereon for the amount of such funds so invested. 2 Perry Trusts, sections 835 and 842. Under the facts stated in the complaint, appellees are personally liable for the money overpaid the appellee Kunigunda, with interest after demand, and the same should be declared a lien upon the real estate purchased therewith by her husband. There was error in sustaining the demurrers to the complaint.

Reversed, at appellees' costs, with instructions to overrule the demurrers to the complaint, and for further proceedings in accordance with this opinion.

Filed Nov. 25, 1884.