No. 15,748.

## PRICE v. BAYLESS.

INJUNCTION.—*Restraining Order Issued by Judge Absent from State.*— A judge of this State can not sit in chambers in the State of Michigan, and issue a valid restraining order. Where an appeal, however, was not taken until after a trial of the cause on its merits, and a final judgment in the appellee's favor which vacated the temporary injunction, the error, though properly saved by the appellant, was not an available error.

EASEMENT.—*Pleading.—Description of Land.—Exhibits.*—In a suit to establish a right to the easement of a right of way across certain lands, the complaint is defective if it does not contain a description of the land over which the easement is claimed. Reference can not be had to exhibits filed with the complaint to make good such an omission, such exhibits being in no sense copies of the writing forming the basis of the pleading.

From the Wells Circuit Court.

*E. R. Wilson* and *J. J. Todd*, for appellant.

*A. N. Martin* and *E. C. Vaughn*, for appellee.

McBRIDE, J.—The appellee, by this suit, sought to establish his right to the easement of a right of way across certain lands of the appellant, and to enjoin the appellant from obstructing it, or in any manner interfering with its free use.

The first proposition discussed by counsel for the appellant relates to alleged error of the judge of the Wells Circuit Court in granting a temporary injunction while absent from the State, at Petoskey, in the State of Michigan, and in overruling a motion by the appellant to dissolve the same.

This action was unquestionably erroneous. His authority as judge was conferred alone by the constitution and laws of this State. Our laws have no extra-territorial operation. When the judge passed the boundaries of the State the power to exercise judicial functions did not follow him. He could not, as judge, sit in chambers in the State of Michigan, and issue a valid restraining order. The error, however, while properly saved by exception, and by bill of exceptions, and fully discussed, can not avail the appellant. If he had appealed from that ruling a reversal would have been inevitable.

The appeal, however, was not taken until after a trial of the cause on its merits, and a final judgment in the appellee's favor, which vacated the temporary injunction. The error had thus become harmless. *Board, etc.*, v. *Markle*, 46 Ind. 96.

The appellant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and this ruling is assigned as error. It is difficult to determine from the averments of the complaint whether the right claimed is an easement acquired by prescription or a way by necessity. It is, not, however, necessary that we resolve this doubt, although in argument counsel for the appellee insist that the theory of the complaint is that the appellee is entitled to a way by necessity. It is also evident that the court below thus construed it. It contains no description of the land over which

the easement is claimed. This omission is sought to be cured by reference to certain so-called exhibits which the pleader asks to have considered as parts of the complaint.

There is no warrant for this practice. A copy of a writing upon which a pleading is in whole or in part founded, may be attached to or may accompany it, and by appropriate reference be incorporated into and made a part of it. To make the complaint good in the case at bar it was necessary that it contain a description of the land over which the easement was claimed. The descriptions of the several tracts of land contained in the three so-called exhibits were in no sense copies of writings forming the basis of the pleading, but were statements of material and necessary facts omitted from the complaint and sought to be supplied in this way. The exhibits form no part of the complaint, and can not be considered for any purpose. *Armstrong* v. *Farmers' Bank,* etc., 130 Ind. 508, and cases there cited. The court erred in overruling the demurrer to the complaint. Several other questions are discussed, but in the condition of the record they need not be decided.

Judgment reversed with costs, with instructions to the Circuit Court to grant a new trial and sustain the demurrer to the amended complaint.

Filed April 30, 1892.