## Mercer v. Coomler et al.

[No. 4,512. Filed December 9, 1903. Rehearing denied February 4, 1904. Transfer denied March 8, 1904.]

Judgment.—*Execution.*—*Estates by Entireties.*—*Lands Purchased with Proceeds from Other Lands.*—Defendant sold and conveyed certain real estate to plaintiff and used a portion of the proceeds in part payment of other real estate purchased, the title to which was in defendant and his wife as tenants by entireties. Defendant recovered a judgment against a railroad company that had constructed its road upon the land purchased and held by himself and wife by entireties. The land conveyed by defendant to plaintiff was encumbered, and plaintiff recovered a judgment against defendant for breach of warranty and sought, by proceedings supplementary, to reach the judgment recovered by defendant against the railroad company. *Held,* that the judgment was not subject to the execution.

From Howard Superior Court; *Hiram Brownlee,* Judge.

Proceedings supplementary to execution by James Mercer against John H. Coomler and others. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*B. C. Moon,* for appellant.

*J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf,* for appellees.

Black, J.—In his proceeding supplementary to execution the appellant's verified complaint showed that in 1898 the appellee John H. Coomler—his wife, the other appellee, Susan Coomler, joining—executed to the appellant a general warranty deed of conveyance for certain land in

Howard county; that this land was encumbered, and in 1899 the appellant recovered in the court below a judgment against the appellee John H. Coomler for a breach in the covenant of warranty in the deed in the sum of $250, which judgment remained due and wholly unpaid. The issuing of two executions and returns thereon of "No property found," and the filing by the execution defendant of a schedule of property of the value of $297.35, claimed as exempt, being shown, it was alleged that persons named, not parties, in 1898, conveyed certain land in Grant county to the appellees, John H. and Susan Coomler, and thereafter the other defendant in this proceeding, the Chicago, Indiana & Eastern Railroad Company, entered upon the land in Grant county, and constructed its railway across it; that in 1899, in the superior court of Madison county, John H. Coomler recovered a judgment against the railroad company for $1,000 by reason of the construction of the railroad on this land, and this judgment remained wholly unpaid. It was alleged that the interest of John H. Coomler in the judgment against the railroad company, together with other property owned by him, and claimed as exempt from execution, exceeded in value $600, the amount allowed by law as exempt, and he unjustly refused to apply the judgment, or any part thereof, to the satisfaction of the appellant's judgment above mentioned, etc. The railroad company filed pleadings admitting the rendition of the judgment against it, and, by leave of court, paid the amount of the judgment—$1,156.83—into court, subject to the further order of the court, and was discharged. The appellees, John H. and Susan Coomler, having each answered by general denial, the court, upon trial, found in their favor.

The overruling of the appellant's motion for a new trial is assigned as error. It appeared in evidence that the judgment recovered by John H. Coomler against the railroad company had been assigned by him to one Holloway,

who at the same time assigned it to the appellees "by entireties." It also appeared that the Grant county land held by the Coomlers, as tenants by entireties, had been purchased for $4,000, part of the purchase money of $11,-000 paid by the appellant for the land in Howard county, conveyed to him by the appellees; the remainder of that money having been used in the payment of debts of John H. Coomler. At and before the conveyance of the Howard county land to the appellant, it was agreed by the Coomlers that the title of any land bought with the proceeds should be taken in the names of both of them.

The controlling question is whether or not the judgment against the railroad company, rendered for the taking for its railway of the land owned by the appellees as tenants by entireties, which judgment is owned by the appellees, should be treated as being held by them as tenants by entireties, and therefore not subject to execution against the husband alone. It is well established that land held by husband and wife as tenants by entireties is not liable to be sold on execution to satisfy a judgment against the husband alone. *Davis* v. *Clark,* 26 Ind. 424, 89 Am. Dec. 471; *Fogleman* v. *Shively,* 4 Ind. App. 197, 51 Am. St. 213; *Humberd* v. *Collings,* 20 Ind. App. 93.

In *Patton* v. *Rankin,* 68 Ind. 245, 34 Am. Rep. 254, it was decided that a crop raised on land held by husband and wife by entireties was held by them in the same manner and subject to the same law as the land itself, and therefore was not subject to levy and sale on execution against the husband. Concerning this decision it was said in *Fogleman* v. *Shively, supra,* that its effect is that the wife is entitled to the enjoyment of the land while it is held by her and her husband as tenants by entireties, and that the taking of the crop, without her consent, for her husband's debt, would be an invasion of that right—an interference with her rights as a tenant of the entirety; that the decision does not reach the case of a voluntary

sale and conveyance of the land by the husband and wife for money or other personal property; that by such a sale and conveyance the husband and wife cease to have an estate in the land, and it is not necessary to treat the proceeds of the sale as being held by them in the same manner, and subject to the same law, in order to secure to either of them the enjoyment of the land; that neither is entitled longer to enjoy the land as such; that, having lost their estate in the land, not involuntarily or by proceedings *in invitum,* but by their voluntary conveyance, the personalty received therefor must be regarded, not as land, but as personal property; and that the interest of the husband in such proceeds could be subjected to the payment of his separate indebtedness.

In the case now at bar the judgment against the railroad company, rendered nominally in favor of the husband, and assigned, through a trustee, to the husband and wife "by entireties," thereby being placed in the names of its rightful owners, represented the value of a portion of the land held by the husband and wife by entireties. The tenancy by entireties of that portion was not broken by any voluntary act of the tenants. If the proceeds of the judgment, or any part of such proceeds, without the consent of the wife, should be taken and applied to the satisfaction of the individual indebtedness of the husband, the benefit to her of the creation of the tenancy by entireties would, as to such portion, be lost without her concurrence. She, as well as he, is to be regarded in such connection as a tenant of the entire land taken, and, the taking being without her consent, it would seem that she, as well as he, should be regarded as the owner of the whole proceeds; that is, that they should be considered as holding the judgment as tenants by entireties, so as to prevent the forcible application of any part of it to the debts of the husband.

The learned counsel for the appellant, in argument, protests that it is not claimed on behalf of the appellant that

the appropriation proceeding by which the land was taken in Grant county, and in which the judgment for damages therefor was awarded, severed the unity of interest of husband and wife in the money realized from the land held by them; and it is urged by counsel that the underlying theory of the appellant's case is that he had an equitable right against the Grant county land of the Coomlers, because his money went into it—because it was purchased in part with money which was equitably his; and that his equity in the land followed the fund derived therefrom into court; that the money in court as a result of the condemnation of a right of way across the Grant county land is but the substitute for the land; and that as the land was purchased by the Coomlers with his money to the extent of $250, he having involuntarily furnished the money to buy the land, his right to be repaid is superior to any right of Susan Coomler. When Mrs. Coomler, by joining in the execution of the deed of conveyance to the appellant, relinquished her inchoate interest in the Howard county land, it was agreed that any lands bought with the proceeds should be taken as the land in Grant county was taken, the title being conveyed to the husband and wife. It was not necessary to prove any other consideration proceeding from her. The greater part of the purchase-money derived from the Howard county land was used, pursuant to agreement between the husband and wife, in paying the debts of the husband. No fraudulent intent to take the title in the name of the husband and wife for the purpose of cheating the appellant or other creditors appears, and the case did not proceed upon the theory that the debtor had purchased the Grant county land with his own money, and had caused the conveyance to be made to him and his wife with intent to defraud the appellant or other creditors.

Appellant claims to have proceeded upon the theory that his money went into the Grant county land, and that he should be permitted to follow it, so as to subject the judg-

ment against the railroad to his execution. What is thus called the appellant's money is the amount of damages represented by a judgment against the husband, alone in an action at law against him for his breach of his covenant of warranty against encumbrances. The appellant had no claim for any money or upon any covenant against the wife, who effectually released all her inchoate interest in all the land. It can not properly be said that any money of the appellant went into the Grant county land. He paid the purchase-money for the Howard county land to John H. Coomler, and it then ceased to be the appellant's money. He retained no ownership in it, or right to control its use. It was, as to the appellant, the property of John H. Coomler. The appellant received for his money the title to the Howard county land, which was subject to a right of way across the land for a pipe-line for oil and gas. Because of the existence of this right of way, the appellant sought and obtained a general judgment at law upon the covenant of the husband. If the theory of counsel in argument be correct, the appellant has the right to subject to his execution not merely the judgment against the railroad company, but also, and for the same reason, the land held by the appellees as tenants by entireties, on a theory, if we rightly understand his position, that he has traced particular money owned by him into the Grant county land. We have a statute which provides that when a conveyance for a valuable consideration is made to one person, and the consideration therefor is paid by another, no use or trust shall result in favor of the latter, but the title shall vest in the former, subject, however, to the following provisions: First, every such conveyance shall be presumed fraudulent as against the creditors of the person paying the consideration therefor, and when a fraudulent intent is not disproved, a trust shall in all cases result in favor of prior creditors, to the extent of their just demands, and also in favor of subsequent creditors, if there be sufficient evidence of fraudulent

intent.   Second, the provision that no use or trust shall result in favor of the person by whom the purchase-money was paid shall not extend to cases where the alienee shall have taken an absolute conveyance in his own name without the consent of the person with whose money the consideration was paid, or when the alienee, in violation of some trust, shall have purchased the land with moneys not his own, or where it shall be made to appear that by agreement, and without any fraudulent intent, the party to whom the conveyance was made, or in whom the title shall vest, was to hold the land, or some interest therein, in trust for the party paying the purchase-money, or some part thereof. §§3396-3398 Burns 1901.

The appellant's complaint seems to proceed upon the theory that the conveyance of the Grant county land gave title to the appellees, and that the interest of the husband, the execution debtor, in the judgment against the railroad company ought to be subjected to the execution.   Such a theory would seem to recognize some valid interest in the wife; but if she had a valid interest in the land as against her husband's creditor it was an interest as tenant by the entirety, and none of the land, and therefore, as conceded in the argument of the appellant, none of the judgment against the railroad company, could be subjected to the execution.   The argument of the appellant based upon the theory that the Grant county land was purchased in part with the money of the appellant, and that therefore the interest of both husband and wife to such extent ought to be subject to the execution, can not prevail, for the reason that the consideration for the Grant county land, as we have sought above to show, was not paid by the appellant, or with his money, but was paid with money owned by John H. Coomler, the title being taken in the names of him and his wife, as agreed between them when the wife joined in the conveyance of the Howard county land.

Judgment affirmed.