## NEWMAN ET AL. *v.* GATES.

[No. 20,490. Filed December 7, 1904. Rehearing denied June 21, 1905.]

1. APPEAL AND ERROR.—*Vacation.*—*Parties.*—In a vacation appeal all of the persons against whom judgment was rendered must be made co-appellants or the appeal will be dismissed; and in case of the death of a party after judgment and before appeal, by statute (§648 Burns 1901, §636 R. S. 1881), the appeal may be taken by, or notice of an appeal served on, those in whose favor and against whom the action might have been revived, if death had occurred before judgment. p. 173.

2. ABATEMENT AND REVIVAL.—*Attorney and Client.*—*Negligence.* —*Statutes.*—Under the statutes (§§283-285 Burns 1901, §§282, 283 R. S. 1881 and Acts 1899, p. 405), a cause of action for the negligence of an attorney survives the death of either party. p. 174.

3. PARTNERSHIP. — *Surviving Partners.* — *Powers.* — Surviving partners are entitled to the exclusive right to possess and manage the partnership property, including the right to collect its debts. p. 174.

4. SAME.—*Death of Partner.*—*Rights of Creditors.*—Upon the death of a partner, the partnership's creditors may proceed at once against the estate of the deceased as well as against the survivors. p. 174.

5. PARTNERSHIP.—*Judgments Against.—Effect of.*—A judgment against the members of a partnership binds the property of the individual partners as well as the partnership property.  p. 175.

6. ABATEMENT AND REVIVAL. — *Attorney and Client. — Partnership.*—A pending action against the partners of a law firm does not abate because of the death of such partners but may be revived under the statute (§272 Burns 1901, §271 R. S. 1881) against their personal representatives, and it matters not that such cause of action is presented as a counterclaim.  p. 175.

7. DECEDENTS' ESTATES.—*Actions. — Abatement and Revival.— Statutes.*—Section 2465 Burns 1901, Acts 1883, p. 151, §5, prohibiting the bringing of an action against an executor or adminstrator by complaint and summons, and requiring claims to be filed with the clerk, does not apply where an action was brought before the death of decedent, §272 Burns 1901, §271 R. S. 1881, governing in such case.  p. 176.

From Superior Court of Marion County (46,388) ; *John L. McMaster,* Judge.

Action by Jacob Newman and others against Harry B. Gates. From a judgment for defendant on his counterclaim, Jacob Newman and another, as surviving partners, appeal. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. (Appealed to United States Supreme Court.) *Appeal dismissed.*

*Charles Martindale* and *William A. Ketcham,* for appellants.

*Lewis C. Walker* and *Baker & Daniels,* for appellee.

MONKS, J.—This action was brought by appellants and George W. Northrup, Jr., on a judgment recovered by them against appellee in the circuit court of Cook county, Illinois, for services as attorneys for appellee, performed by them as partners. Appellee filed a counterclaim alleging certain breaches of duty arising from the relation of attorney and client in connection with the employment of said firm as his attorneys, for which services said Illinois judgment was rendered. The breaches of duty alleged in the counterclaim by appellee were acts of commission and omis-

sion by the plaintiffs below as the attorneys for appellee, by reason of which he suffered great pecuniary loss, on account of which he demanded judgment for $2,500.

Said cause was tried, and final judgment rendered, which was reversed by the Appellate Court. *Gates* v. *Newman* (1897), 18 Ind. App. 392; *Newman* v. *Gates* (1898), 150 Ind. 59, 61. It was held by the Appellate Court on the former appeal that the counterclaim "is based upon a breach of contract." After said cause was returned to the court below a second trial resulted in a verdict and judgment in the sum of $184.74, and costs in favor of appellee against said three defendants to said counterclaim. Before the appeal was taken from said judgment, George W. Northrup, Jr., one of the plaintiffs below, and one of the persons against whom said judgment was rendered, died.

Appellee insists that this court has no jurisdiction of this appeal, for the reason that the personal representative of George W. Northrup, Jr., deceased, a coparty to said judgment, has not been made an appellant. This is a vacation appeal, and it is well settled that all the parties against whom the judgment was rendered must be made co-appellants on appeal, or the appeal will be dismissed for want of jurisdiction. *Rich Grove Tp.* v. *Emmett* (1904), 163 Ind. 560, and cases cited. Section 648 Burns 1901, §636 R. S. 1881 and Horner 1901, provides: "In case of the death of any or all the parties to a judgment before an appeal is taken, an appeal may be taken by, and notice of an appeal served upon, the persons in whose favor and against whom the action might have been revived, if death had occurred before judgment." Section 272 Burns 1901, §271 R. S. 1881 and Horner 1901, provides: "No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court, on motion or supplemental complaint at any time within one year, or on supplemental complaint

afterward, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action."

It is clear, under our statutes, concerning the causes of action that survive (§§283-285 Burns 1901, §§282, 283 R. S. 1881 and Acts 1899, p. 405), that causes of 2. action for breaches of duty by attorneys to their clients, by which the property rights and interests of the clients are affected injuriously, survive the death of either party. Weeks, Attorneys at Law (2d ed.), p. 625; *Allen* v. *Clark* (1863), 11 Week. Rep. 304, 7 L. T. (N. S.) 781; *Knights* v. *Quarles* (1820), 4 Moore 532, 2 Brod. & Bing. 102; *Feary* v. *Hamilton* (1895), 140 Ind. 45, 51-53, and cases cited; *Boor* v. *Lowrey* (1885), 103 Ind. 468, and cases cited, 53 Am. Rep. 519, and note pp. 525-539; *Hess* v. *Lowrey* (1890), 122 Ind. 225, 7 L. R. A. 90, 17 Am. St. 355, and cases cited; 33 Albany L. J. 184-187, 204-208, and cases cited.

It is true that after the death of a member of a partnership the surviving partner or partners are vested with the exclusive right of possession and management of the 3. partnership property, including the exclusive right to collect the debts due the partnership by suit or otherwise. Parsons, Partnership (4th ed.), §§342, 344, 345; *McIntosh* v. *Zaring* (1898), 150 Ind. 301, 312, and cases cited; *Valentine* v. *Wysor* (1891), 123 Ind. 47, 52, 7 L. R. A. 788.

In this State a firm creditor is not required to exhaust his remedy against the surviving partners, or show that they are insolvent, before he can resort to the estate of the 4. deceased partner. He may proceed at once on the death of a partner against the estate of the deceased partner as well as against the surviving partners. *Ralston*

*v. Moore* (1886), 105 Ind. 243. See, also, *Camp* v. *Grant* (1851), 21 Conn. 41, 55, 56, 54 Am. Dec. 321. If suit was not commenced on said claim against the members of the partnership before the death of the partner, the statute requires that the proceeding against the estate be by claim filed against said estate under §2465 Burns 1901, Acts 1883, p. 151, §5. In other words, while rights of action for liabilities due a partnership survive, and vest exclusively in the surviving members of the firm, the liabilities of the partnership on the death of a partner survive not only against the surviving partners, but also against the estate of the deceased partner.

In this case Northrup died after the rendition of the judgment on the counterclaim against him and his co-defendants to the counterclaim, Newman and Levinson. Such a judgment binds the partnership property and the individual property of each judgment defendant, and may, in the absence of a statute to the contrary, be enforced by execution against the separate property of each of said judgment defendants before having recourse to the partnership property. Story, Partnership (7th ed.), §260.

Said Northrup having died after the counterclaim was filed, the case stands, so far as the question under consideration is concerned, in all respects the same as if said counterclaim was an independent action against the defendants thereto, and judgment had been rendered in favor of appellee for said sum of $184.74. If an independent action had been commenced against the members of said firm for the cause of action set up in said counterclaim in the court below, and thereafter, and before judgment, said Northrup had died, then his administrator or executor could have been made a party defendant in said action, and the same prosecuted to final judgment under the provisions of §272, *supra*.

As said cause of action could have been revived against the personal representative of said Northrup under §272, *supra,* it follows, under the provision of §648, *supra,* that such personal representative was a necessary party appellant to the appeal, and should have been made a co-appellant and served with notice. *Rich Grove Tp.* v. *Emmett, supra,* and cases cited.

The prohibition of §2465 Burns 1901, Acts 1883, p. 151, §5, against bringing actions against an executor or administrator by complaint and summons, and requiring all claims against the estate to be filed in the clerk's office, does not apply to such a case. It relates to the bringing of actions, and not to those brought before the death of the deceased, while §272, *supra,* has reference to actions already commenced, and forbids their abatement by the death of any or all the parties if the cause of action survives, and provides for the prosecution of the action by or against the personal representative of the deceased party. *Holland* v. *Holland* (1892), 131 Ind. 196, 200, 201; *Clodfelter* v. *Hulett* (1884), 92 Ind. 426, 434; *Lawson* v. *Newcomb* (1859), 12 Ind. 439; *Burnett* v. *Milnes* (1897), 148 Ind. 230, 235; 1 Woollen, Trial Proc., §§555-561.

On account of the failure to make the personal representative of George W. Northrup, Jr., a co-appellant, the court has no jurisdiction to determine the case upon its merits. The appeal must, therefore, be dismissed. *Rich Grove Tp.* v. *Emmett, supra,* and cases cited.

Appeal dismissed.