MERRIFIELD *v.* WILLIAMS ET AL.

[No. 27,822. Filed October 25, 1943.]

*C. W. Appleman* and·*Walter O. Lewis*, both of Indianapolis, for appellant.

*Alexander Bell* and *Claycombe & Stump*, all of Indianapolis, for appellees.

SHAKE, J.—The appellees, Williams and Williams, owned a building which was occupied by the appellee

Bogan, as a tenant, and in which the latter had installed furniture and fixtures and conducted a restaurant business. Subsequently, Bogan sublet the premises to the appellant for 90 days under a written contract. At the expiration of the sublease the appellees demanded possession from the appellant, which was refused. The appellees then joined in a complaint in which the above facts were alleged and, in addition, that the appellant was insolvent and that he was wasting and destroying the property and going value of the business conducted therein. The complaint asked for a mandatory restraining order without notice, requiring the appellant to surrender up the premises and to desist from interfering with the appellees' possession. There was also a prayer for a temporary and a permanent mandatory injunction of like tenor and for $2,500 damages.

A restraining order was issued without notice as prayed for and a date was fixed for a hearing on the application for a temporary injunction, but this hearing was subsequently waived by agreement of the parties. The waiver of this hearing had the effect of continuing the restraining order as a temporary injunction.

No demurrer to the complaint was filed, but the appellant answered pursuant to Rule 1-3, 1940 Revision. The answer specifically denied that the appellant was insolvent and that the appellees had been damaged. Other facts which might have been pertinent to an affirmative defense were commingled in the same paragraph of answer.

Rule 1-3, 1940 Revision, contemplated that all affirmative defenses should be specially pleaded, as the 1943 Revision now positively requires. The appellant's answer must, therefore, be considered as an argumentative denial. That this was the

theory of the parties and the trial court is disclosed by a recital in the record to the effect that the cause was put at issue by the appellant's answer, without a reply.

There was a trial on the merits, resulting in a judgment assessing the appellees' damages at one cent and perpetually enjoining the appellant from entering or trespassing upon the real estate previously occupied by him, and from interfering with the appellees' management and control of the restaurant business conducted therein. This appeal is from the overruling of the appellant's motion for a new trial.

The appellant says in his brief: "The question for determination is, whether or not a court has the power in equity to put the appellant out of possession of real estate and out of the possession of personal property, without making any determination of the respective contract rights of the parties." This question is not before us. The appellant was dispossessed by the execution of the mandatory restraining order, rather than by virtue of the final judgment. It is conceded that the appellees were in possession when the cause was tried, and there was, then, no issue as to the appellant's right to possession before the court. *Weis* v. *Cox* (1933), 205 Ind. 43, 185 N. E. 631. Since the appellees' right to possession had been previously adjudicated in their favor, the appellant is in no position to complain of the final judgment, which merely assessed nominal damages for unlawful detention. and restrained the appellant from trespassing upon the premises or interfering with the appellees' management and control thereof.

Section 2-3218, Burns' 1933, § 490, Baldwin's 1934, specifically authorizes appeals from interlocutory orders for the delivery of the possession of real estate and from the granting of temporary injunctions. The ap-

pellant prosecuted no such appeal and he may not now question the propriety of the interlocutory order, about which we express no opinion.

The judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 9.