DETAMORE *v.* ROBERTS.

[No. 28,008. Filed November 22, 1944.]

*C. W. H. Bangs,* of Huntington, for Appellant.

*Bowers, Feightner & Palmer,* of Huntington, for Appellee.

SWAIM, J.—This is an appeal from a temporary injunction which enjoined the appellant from interfering with or preventing one Allen from farming certain fields of a farm of which the appellant and his wife had been in possession for about 44 years, under an arrangement with the appellee and her husband, who were the parents of the appellant's wife. Under said arrangement the appellant had occupied this farm, had made certain improvements thereon and had annually paid to the appellee and her husband an agreed portion of the proceeds from the farm.

The appellee and her husband had executed a deed, conveying this farm to the appellant and his wife, with instructions that the deed was to be delivered upon the death of the survivor of the appellee and her husband. After the death of the appellee's husband a disagreement arose between the parties and in the fall of 1933, the appellee procured the deed from the escrow agent and destroyed it. She then caused a

notice to be served on the appellant notifying him to deliver up to her the possession of said farm "at the expiration of the current year of tenancy, to-wit: on or before March 1, 1944."

The appellant had been ill during the last half of 1943 and, in November of that year, had a sale and sold off his farm machinery and personal property.

In January, 1944, the appellee offered to enter into a written lease with the appellant, which lease provided for a tenancy of one year, but the appellant refused to sign it. The appellee later executed with Allen a written lease for one year, covering only the tillable fields of said farm. The appellant refused to permit Allen to enter the fields for the purpose of farming said fields and threatened that unless the appellee made a settlement with appellant that "he would let the farm grow up in weeds."

The appellee then brought this action and secured, first, a restraining order and then, upon a hearing, the temporary injunction from which this appeal is prosecuted. Since no appeal was taken from the action of the court in overruling the appellant's motion to dissolve the temporary restraining order, any possible error in granting the restraining order can not be raised on this appeal from the temporary injunction. *Price* v. *Bayless* (1891), 131 Ind. 437, 31 N. E. 88; *Becknell* v. *Becknell* (1886), 110 Ind. 42, 10 N. E. 414. As pointed out in those two cases, the issuance of an injunction renders harmless any error committed by issuing the temporary restraining order.

The facts, as recited above, are sustained by the evidence most favorable to the appellee but even those facts show that the appellant was in possession of the land here in question. The fields rented to Allen were part of the farm of which the

appellant had been in possession for more than forty years. The appellant was occupying the farm house and other farm buildings and must be said to have been also in possession of the fields, which constituted a part of this farm.

It was conceded that during his long continued occupancy of these premises appellant had made certain valuable and permanent improvements. It was his contention that he had occupied said premises and made such improvements under the belief that the land belonged to him and his wife, subject only to the right of the appellee to receive a share of the net proceeds therefrom.

The appellee contends that she was entitled to injunctive relief in this case because the appellant was interfering with her rightful possession of the property. The fallacy in this contention is that the appellee did not have possession of the real estate.

Appellee also stresses the contention that the threat of the appellant that he would let the land grow up in weeds amounts to a threat to commit waste and that waste may be prevented by an injunction. While there is a conflict among the authorities as to whether a tenant permitting weeds to grow on a farm may ever be enjoined on the theory that such action constitutes waste, we need not determine that question here.

In the instant case the appellee alleged, and offered evidence tending to prove, that the appellant had threatened to permit the farm to grow up in weeds, for only one purpose, namely, to secure an order enjoining the appellant from interfering with the attempt of the appellee to secure possession of the land from the appellant. The temporary injunction ordered the appellant not to interfere with or prevent Allen "from farming the fields." It did not even purport to be a

mandatory injunction ordering appellant not to permit the fields to grow up in weeds. It was simply an order that the appellant should not interfere with appellee taking possession through her new tenant.

Our statutes provide a legal remedy for one having a right to recover the possession of real estate. Sections 3-1301 to 3-1306, inclusive, Burns' 1933, §§ 941 to 946, inclusive, Baldwin's 1934. This statutory remedy has been held adequate. *Steve* v. *Colosimo* (1937), 211 Ind. 673, 7 N. E. (2d) 983; *Huegel* v. *Townsley* (1938), 213 Ind. 339, 12 N. E. (2d) 761; *Paetz* v. *Mix* (1923), 80 Ind. App. 449, 141 N. E. 248.

The appellee was not entitled to injunctive relief and the court erred in granting the temporary injunction.

The judgment is reversed and the court is ordered to dissolve the temporary injunction.

Note.—Reported in 57 N. E. (2d) 585.