WHITLOCK *v.* PUBLIC SERVICE COMPANY OF INDIANA, INC.

[No. 29,635.   Filed June 18, 1959.   Rehearing denied September 29, 1959.]

*Charles  C.  Whitlock,  Lloyd  C.  Adamson,* both  of

Terre Haute and *Homer D. Ingram,* of Newport, for appellant.

*Zell & Zell,* of Clinton, *Paul G. Jasper, Charles W. Campbell* and *Greg K. Kimberlin,* all of Plainfield, for appellee.

ARTERBURN, J.—This is an appeal from an eminent domain proceeding brought by the appellee, Public Service Company of Indiana, Inc., to secure an easement over appellant's real estate in Vermillion county. Charles C. Whitlock and Birdella Whitlock, husband and wife, owners of the real estate by the entireties, filed objections to the amended complaint, stating among other things, that the appellee utility made no effort to purchase the easement from the owners prior to the bringing of the suit, as required by the statute. Burns' 1946 Repl., §3-1701, Acts of 1905, ch. 48, sec. 1, p. 59.

Evidence was introduced on this issue and brought before us for consideration. However, the appellee insists that the Eminent Domain Act contemplates two separate hearings on objections, the first of which covers the proceedings up to and including the appointment of appraisers and is summary in nature; that an appeal is granted from such interlocutory orders in the interest of expediting the proceedings. It is urged upon us that a failure to appeal from adverse rulings on such interlocutory orders in the first part of the proceedings is a waiver of any right to present such objections thereafter.

Both parties urge their respective positions upon us without any citations of authorities directly in point. We have made an independent search and find that in an analogous situation, where there is a failure to appeal from interlocutory orders

in the granting of injunctions, this court has held upon the appeal from the final judgment in such actions it will not review claimed errors with reference to the prior interlocutory orders from which an appeal could previously have been taken. *Detamore* v. *Roberts* (1944), 223 Ind. 12, 14, 57 N. E. 2d 585; *Merrifield* v. *Williams* (1943), 221 Ind. 619, 622-623, 51 N. E. 2d 9; *Price* v. *Bayless* (1892), 131 Ind. 437, 438, 31 N. E. 88; *Becknell et al.* v. *Becknell* (1887), 110 Ind. 42, 53-54, 10 N. E. 414.

Reasoning, therefore, from these cases we are supported in the conclusion that a failure to appeal from an interlocutory order is a waiver of any claimed error which could be raised thereby for consideration on such appeal. Cases where no appeal is authorized from interlocutory orders should be distinguished, since in those cases errors in the granting of such interlocutory orders, if properly saved, may be considered upon final appeal on the merits. *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N. E. 2d 1015.

It is our holding, therefore, that the issue of whether or not an effort was made to purchase the easement in question prior to the bringing of this suit is not before us for consideration. If there was sufficient injury done the appellant at that point in the proceedings, it would be only fair to all concerned that the issue be expeditiously presented to this court for consideration on appeal before further proceedings were had therein, consuming time and money of all the parties concerned. *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 210-211, 31 N. E. 2d 1015.

The appellant next points out for our consideration that after the appraisers were appointed they awarded

damages in the sum of $5797.50; that the Public Service Company filed exceptions to the appraisers' report, and thereafter paid the sum of $5797.50 in to the office of the clerk of the court. Charles C. and Birdella E. Whitlock, husband and wife, withdrew that sum, as permitted by the statute.

Thereafter, but before the trial, the wife, Birdella E. Whitlock, died. No attempt was made to substitute any personal representative for her in the pending action. Upon the trial on the issue of damages, the jury reduced the sum awarded and found the amount of damages to be $2000.00 plus interest. The property was owned by Charles C. Whitlock and Birdella E. Whitlock as tenants by the entireties. The court entered a judgment upon the jury's verdict "for the defendants" and also rendered a judgment against Charles C. Whitlock personally for the excess of $3617.50 by which the appraisers' award had been reduced by the jury, which judgment was as follows:

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff herein, Public Service Company of Indiana, Inc., recover of and from the Defendant Charles C. Whitlock the sum of $3,617.50, which is shown to be due to Plaintiff on account of the excessive withdrawal by Defendants Charles C. Whitlock and Birdella Whitlock (also known as Birdella E. Whitlock) from the Clerk of this Court of moneys deposited by Plaintiff with said Clerk to be paid out as the damages to which said Defendants should be found to be lawfully entitled by reason of the condemnation and appropriation by Plaintiff of the easement interest, rights and privileges described in the complaint filed in this cause."

The appellant insists that his wife, Birdella E. Whitlock, was a necessary party and her personal representative was a necessary party (upon the wife's

death) if the appellee, Public Service Company of Indiana, Inc. intended to insist upon a personal liability for any excess found to be refundable by reason of the jury's reduced award. On the other hand, the appellee contends that the property being held by entireties, the husband and wife are jointly liable for the excessive sum which was paid to the husband and wife, and that since, upon the death of one spouse, the other became the sole owner in fee, likewise the proceeds from property held by the entireties would take on the same legal characteristics. Neither party has supplied us with any case which we believe directly in point.

Because of the fictitious nature of estates by entireties, they have given courts difficulty in their application to their various ramifications. *Nat. City Bk. of Evansville, etc.* v. *Bledsoe, et al.* (1957), 237 Ind. 130, 144 N. E. 2d 710.

Public policy, however, has strongly approved the essential characteristic of the tenancy which devolves upon the surviving spouse the ownership of the property in real estate, free and clear of the individual indebtedness of the other spouse. Although there can normally be no tenancy by the entireties in personal property, Indiana holds that the crops from or the proceeds from the land held by the entireties have likewise the characteristic of a tenancy by entireties. *Patton, Admr. et al.* v. *Rankin et al.* (1879), 68 Ind. 245, 247; *Koehring* v. *Bowman* (1924), 194 Ind. 433, 437, 142 N. E. 117; *Mercer* v. *Coomler* (1903), 32 Ind. App. 533, 535-536, 69 N. E. 202; 15 West's I. L. E., Sec. 84, p. 457; 27 A. L. R. 264; 51 A. L. R. 2d 399, 412, 465; 26 Am. Jur., Husband and Wife, Sec. 79, p. 704.

At common law the husband during coverture, as between himself and his wife, had the absolute right

to and control of his wife's personal property. The Married Women's Act found in most states abolished to a large extent this common law principle and gave the wife the right to own and control her separate personal and real property. In Indiana the Act was construed to provide married women with their separate estate in property without affecting or abolishing estates by the entireties. Burns' 1949 Repl., §38-102; *Sharpe* v. *Baker* (1911), 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44.

Our search reveals only two cases arising out of condemnation proceedings where somewhat similar difficulties have arisen:

*In re Idlewild Airport, Second Addition* (1948), 85 N. Y. S. 2d 617, which held that in a condemnation proceeding the full award should be paid to the husband for land held by the entireties when the wife died after the award but before payment. The court further held that since, under the New York law the income from such property was divided equally between husband and wife, the wife's estate was entitled to one-half the interest in the award to the date of her death.

*In re Jamaica Bay* (1937), 252 App. Div. 103, 297 N. Y. S. 415, in a similar case where the husband died after the taking but before payment of the award, the court gave her the principal sum and held one-half the interest to date of husband's death went to his estate.

If Birdella E. Whitlock had been living at the time of the entry of the judgment fixing the damages at $2000.00, there is no doubt that the court should have entered a judgment against both the Whitlocks for the excess of $3617.50 which they drew out as part of the appraisers' award, over and above the damages

found due them as assessed by the jury. *Douglas* v. *Indianapolis, etc., Traction Co.* (1906), 37 Ind. App. 332, 338-339, 76 N. E. 892.

The record is devoid of any evidence as to how the money was divided between the husband and wife after it was withdrawn from the clerk's office. Either spouse may have taken all or part of the entire sum.

The appellee points out that if the jury, instead of returning a verdict for less than the award of the appraisers, had returned one in excess of that fixed by the appraisal, the appellant in this case would have been entitled to such excess. We do not dispute this assumption, since the appellant succeeded as the surviving spouse to any interest in the property (including any part of the proceeds therefrom unpaid) upon the death of the other spouse where property is held by the entireties. The Indiana law impresses the proceeds from property held by the entireties with the rights of survivorship, the same as the original property from which it came. It, however, does not necessarily follow that if one of the spouses dies before the judgment reducing the award of the appraisers that the surviving spouse is *liable* for the proceeds *previously taken by the other spouse.* We can find no cases and no authority for imposing a total liability on the surviving spouse alone.

In this case, if the husband had died first and the widow survived him, there would be no more warrant for the court entering a judgment against her for the entire amount drawn in excess of the final award of the jury than there is for a judgment to be rendered against the husband for the entire amount, without any evidence of how the proceeds were divided and to what extent each benefited or profited from the proceeds.

Appellee says: "Title to this excess payment being

impressed with the character of the title to the land passed to Charles C. Whitlock on the death of his co-tenant by the entireties." We grant such to be true if the proceeds were still in existence as a fund when the wife died, but if the proceeds had been dissipated or disposed of before the wife died, then the husband took no part of such proceeds *by reason of her death.* There can be no tenancy by the entireties in proceeds which are no longer in existence.

If the proceeds from the sale are considered to be held by the entireties, as stated in the cases cited above, the principle is applicable only so long as the proceeds are intact and have not been divided or disbursed. Once the proceeds have lost their identity as a separate res held by the entireties, certainly the principles of tenancy by entireties can no longer apply, any more than they can apply to the real estate which has been sold or transferred.

Appellee cites the case of *Mercer* v. *Coomler, supra,* in which a judgment was rendered in favor of a husband and wife by reason of a taking by a railroad company of property they owned by the entireties. In an attempt to subject the judgment and proceeds from the judgment to the payment of the debts of the husband, the court there held that the proceeds still had the characteristics of a tenancy by the entireties and hence could not be subjected to the separate debt of the husband. It should be noted, however, in that case that the proceeds (or the judgment) were still intact, and thus retained the characteristics of a tenancy by the entireties. The proceeds had not been collected and dissipated or disposed of.

In the case before us there is no evidence of any separate proceeds, fund or res remaining that may be

identified as the proceeds from the real estate held by the entireties, out of which the judgment rendered in this case by the court against the husband alone can be paid. There is, however, an indebtedness owed by the original tenants by the entireties for the excessive amount of the award drawn down. This is a debt for money received by both of them under the equitable principles of quasi contract and unjust enrichment. Restatement of the Law, Restitution, Sec. 160, p. 640; *Bd. of Com. of Decatur Co.* v. *Greensburg Times* (1939), 215 Ind. 471, 19 N. E. 2d 1015. This debt is not owed individually by whomever might be the surviving spouse, but is a joint obligation of both spouses or their estates.

We do not say that under no circumstances could a surviving spouse be held liable for the entire excess. If the evidence showed such survivor received the entire proceeds equity might, under certain conditions, follow the proceeds into his hands, particularly if the fund could be traced and identified. *Metzner et al.* v. *Bauer et ux.* (1884), 98 Ind. 425; *Stotsenburg, Admr.,* v. *Fordice, et al.* (1895), 142 Ind. 490, 41 N. E. 313, 41 N. E. 810; *Moore et al.* v. *Shields* (1889), 121 Ind. 267 23 N. E. 89; Restatement of the Law, Restitution, Sec. 160, pp. 640, 645-650.

However, with no evidence of what disposition was made of the proceeds, the judgment against the survivor alone cannot stand.

Under the Married Women's Act of this State a wife and her estate, upon her death, is liable for her obligations. [Burns' 1949 Repl., §38-102]. If Birdella E. Whitlock had been alive at the time the judgment was rendered in the suit in the lower court, it would have been the proper course for the court to have rendered a judgment against both

husband and wife for the sum in excess of the damages awarded by the trial court. After both spouses participated in the withdrawal of the appraisers' award which had been paid in to the clerk's office, a contingent liability is created for a return of the excessive portion of the money had and received by them. The death of one of the spouses does not extinguish the liability and cast it all on the survivor, since the surviving spouse did not alone draw down all the proceeds and was not entitled to do so singly or alone without the concurrence of the other.

The appellee, Public Service Company of Indiana, Inc., may enforce a joint liability for any excessive amounts found due it by reason of a reduction in the award of damages by the jury. It should, after making all parties subject to such liability parties to the action, have substituted therefor their personal representatives in event of death.

Burns' §2-227, 1946 Repl. Acts 1881, (Spec. Sess.) ch. 38, §23, p. 240, provides:

"No action shall abate by the death or disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or disability of a party, the court on motion or supplemental complaint, at any time within one (1) year, or on supplemental complaint afterward, may allow the action to be continued by or against his representative or successor in interest. In case of any other transfer of interest, the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action." *Holland* v. *Holland et. al.* (1892), 131 Ind. 196, 30 N. E. 1075; *Newman* v. *Gates* (1904), 165 Ind. 171, 72 N. E. 638.

The personal representative is entitled to participate in the trial. The personal representative is

directly interested in the amount of damages awarded and any liability which might be established by reason of the participation of the decedent in the withdrawal of the award money paid in to the clerk's office by the appellee. *Wilkinson* v. *Vordermark* (1904), 32 Ind. App. 633, 70 N. E. 538.

A new trial must be granted to give all the parties an opportunity to be heard and adjust their liability if the appellee desires to enforce such indebtedness against both parties.

There are other errors claimed which we need not consider, since they are not likely to occur on a retrial.

This cause is remanded, with directions to grant a new trial and for further proceeding in conformity with this opinion.

Achor, C. J., Landis and Jackson, JJ., concur.

Bobbitt, J., concurs in result.

## ON PETITION FOR REHEARING

ARTERBURN, J.—The appellee, Public Service Company of Indiana, Inc., has filed a petition for rehearing and to modify the mandate of this court. Because of some contentions strongly made therein, we feel compelled to clarify further the position taken in the original opinion. Appellee insists that it (the condemnor) becomes a defendant in that portion of the condemnation action below in which a trial is held to determine the damages to be assessed for the taking of the land in question. Cases are cited which hold that the burden of proving the damages is upon the landowner in all such instances. *Indianapolis, etc., Traction Co.* v. *Shepherd* (1905), 35 Ind. App. 601, 74 N. E. 904; *Indianapolis, etc., Traction Co.* v. *Wiles* (1910), 174 Ind. 236, 91 N. E.

161; *Halstead* v. *Vandalia R. Co.* (1911), 48 Ind. App. 96, 95 N. E. 439; *State* v. *Hamer* (1936), 211 Ind. 570, 199 N. E. 589.

From that well established point it is argued that the responsibility is upon the surviving landowner and husband, the appellant, to substitute the personal representative of the deceased wife as a party to the action and that the appellee, Public Service Company of Indiana, Inc., had no such obligation in that respect.

In a trial of the issue of damages in a condemnation case the parties on each side under certain circumstances take on some of the characteristics of both a defendant and a plaintiff. It is true that the burden of proof as to the damages is upon the landowner, regardless of which party filed the exceptions to the appraisal. *The Indiana, Bloomington and Western Railway Company* v. *Cook* (1885), 102 Ind. 133, 26 N. E. 203.

The burden of proof does not always indicate the plaintiff in an action. We may ask, who had the right in this case to dismiss the proceedings for the determination of damages? Undoubtedly the one filing the exceptions (the Public Service Company) and the one actually maintaining the proceedings. By the filing of the exceptions to the appraisal of damages the Public Service Company of Indiana, Inc. was prosecuting and maintaining the action and keeping it alive for a determination of damages. There would have been no further proceeding without the filing of the exceptions by the appellee below. It alone could dismiss the action. It apparently felt it could reduce the damages fixed by the appraisers and obtain a personal judgment against the landowners for a return of a portion of the money paid into the clerk's office. To us it appears that the burden of maintaining the action and substituting

the necessary parties thereto, in event a recovery was to be obtained, was on the appellee who expected to obtain a personal judgment for a return of part of the money paid into the clerk's office. We therefore feel that the responsibility for seeing that the proper persons are made parties to an action rests on that party. If the appellee, Public Service Company of Indiana, Inc., had seen fit to dismiss its exceptions, there would have been no trial and there would have been no necessity for the personal representative of the deceased wife to have been made a party to the action.

Appellee further contends that the mandate should be modified herein to the effect that the trial court be required to hold a preliminary or limited hearing outside the presence of the jury to determine whether or not the wife received a part of the proceeds, and if the evidence shows she received no part of the proceeds, then the judgment be permitted to stand against the appellant husband alone. Such a procedure would not eliminate the necessity of making the personal representative of the deceased wife a party to the action, since any such preliminary hearing would still involve an issue affecting the liability of the estate for any money found to have been received by the wife.

There is not involved in this case, so far as the allegations are concerned, any equitable proceeding, ancillary or otherwise, brought for the purpose of tracing or following the proceeds and recovering them under such principles. Reference in the opinion was made to such an equitable principle for the purpose of eliminating it as a basis for sustaining the judgment against the husband alone in the trial court. Neither do we need here to discuss or anticipate the

contention that a jury should not be permitted to try such equitable issues.

If the appellee on a new trial obtains a judgment against the personal representative of the deceased wife and the husband jointly, it is well established that an execution may be satisfied out of the property of either or both. 21 Am. Jur., Executions, §385, p. 189; 33 C. J. S., Executions, §15, p. 150.

The petition for a rehearing and to modify the mandate are denied.

Achor, C. J., Jackson and Landis, JJ., concur.

Bobbitt, J., dissents.

NOTE.—Reported in 159 N. E. 2d 280.
Rehearing denied 161 N. E. 2d 169.