## JACKSON v. STATE OF INDIANA.

### [No. 24,509.   Filed May 2, 1924.]

1. LARCENY.—*Evidence.*—*Sufficiency.*—In a prosecution for larceny, evidence *held* sufficient to sustain a conviction. p. 562.

2. CRIMINAL LAW.—*Credibility of Witnesses.*—*Inferences from Facts Proved.*—*Questions for Jury or Trial Court.*—Questions as to credibility of witnesses and inferences to be drawn from facts proved are for the jury and trial court. p. 562.

3. CRIMINAL LAW.—*Appeal.*—*Reversal on Evidence.*—The Supreme Court will not reverse a judgment of conviction for insufficiency of evidence if any part of the evidence, standing alone, would justify a finding of guilty, although there was evidence to the contrary. p. 562.

From Marion Criminal Court (55,295) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Frank L. Jackson for larceny. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Joseph T. Markey,* for appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

EWBANK, C. J.—Appellant was convicted on the charge that he feloniously took, stole and carried away an overcoat of the value of $60 and a suit of clothes of the value of $35, the property of Amos J. Jackson. His motion for a new trial for the alleged reasons that the finding is not sustained by sufficient evidence and is contrary to law was overruled, to which ruling appellant excepted, and has assigned it as error.

There was evidence that appellant's home was at Danville, Illinois; that after being away from there for two years, he came from Montana, through Chicago, to Indianapolis, arriving on a Saturday night, and went to the home of the prosecuting witness, but found nobody there; that he broke the fastening off the screen at the back door, but did not get the door open, and then took out the screen from a kitchen window, opened the window, which was not fastened, and entered the house; that he took the overcoat and suit, and departed before the owner returned, and, an hour before midnight, left Indianapolis on an interurban car; that he was apprehended and arrested the next Monday, at Danville, Illinois, and, on that day, the clothes were mailed at Danville by parcel post, addressed to the owner, and a telegram was sent from there to the owner asking him to "withdraw the charges"; and that the owner of the clothing had not seen him for four years before the clothing was taken. This evidence was sufficient to sustain the finding that he stole the overcoat and suit, even though he testified to facts tending to show that he was innocent and denied any guilty intent. Questions as to the credibility of witnesses, and as to what inferences shall be drawn from the facts proved

are for the jury and the trial court, and if part of the evidence, standing alone, would justify a finding of guilty, this court cannot set aside the verdict of guilty because of other evidence to the contrary.

The judgment is affirmed.