## FLESCH v. STATE OF INDIANA.

[No. 31,168. Filed June 13, 1968.]

*Willis K. Kunz* and *William H. Waddick,* of Indianapolis, for appellants.

*John J. Dillon,* Attorney General, and *Robert F. Hassett,* Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from the overruling of Appellant's Motion for a New Trial in an eminent domain action filed by appellee, State of Indiana. The only issue tried was the question of damages, which issue was formed by the filing of exceptions to the award of the court appointed appraisers. The question of damages was tried before the jury resulting in a verdict in favor of the appellants in the

sum of Five thousand five hundred dollars ($5,500.00), together with interest at the rate of 6% per annum, to be computed by the court. The court rendered judgment on the verdict in favor of appellants against appellee in the sum of Five thousand five hundred dollars ($5,500.00), ordering that the appellants repay to the Clerk of the Court the sum of Three thousand seven hundred thirteen dollars and fifty cents ($3,713.50), which was the difference between the amount of the court appraisers' award in the sum of Nine thousand two hundred thirteen dollars and fifty cents ($9,213.50) and the judgment in the sum of Fifty-five hundred dollars ($5,500.00), and that the Clerk then pay to the appellee, State of Indiana, said sum of Three thousand seven hundred thirteen dollars and fifty cents ($3,713.50).

The record herein discloses that appellee filed its complaint to condemn a part of appellants' land for highway purposes. Appellants filed objections to the complaint. Thereafter appellees filed an amended complaint. The court entered an order for appropriation and appointed appraisers who thereafter filed their report appraising the value of the real estate condemned and the damages resulting from such condemnation. Appellee and appellants both filed exceptions to the appraisers' report which formed the issue of damages to be tried by the jury.

During the trial appellants attempted to introduce into evidence Defendants' Exhibit No. 1 which was a survey prepared by defendants' surveyor establishing that appellee, State of Indiana, actually appropriated and took possession of more real estate than described in its amended complaint. The area surveyed from the highway department monuments showed 19,930 square feet within the taking, whereas the amended complaint set out .368 acres or 16,030 square feet within the taking. The evidence purports to establish that the State took a strip 8 feet wider at one end and 11 feet wider on the other end than described in the amended complaint. The trial court sustained objections to the introduction of defend-

ants' Exhibit No. 1 and refused to permit appellants to establish the fair market value of the taking based upon the alleged actual taking, but restricted appellants' evidence to the area described in the amended complaint.

Appellants properly saved objections to the ruling and properly raise the question in their Motion for a New Trial at ground six thereof reading as follows:

"6. Error of law occurring at the trial in this: That the court erred in refusing to allow the introduction of defendants' Exhibit No. 1 and the testimony of defendants' witness A. K. Hofer concerning defendants' Exhibit No. 1 which offer, arguments of counsel, comments of Court, objection, and ruling are in the following words: . . ." (In the interest of brevity the actual record here is omitted.)

The appellants' assignment of error is the single specification as follows:

"1. The Court erred in overruling appellants' motion for a new trial."

Appellants in their motion for a new trial allege other errors which are not here mentioned or discussed for the reason that if ground 6 of the above motion is sustained a new trial would follow and the other questions raised might not there arise.

The appellee contends that appellants' position that the State actually took more land than described in the amended complaint is without merit. The final paragraph on this point, in their brief, reads as follows:

"If Appellee, in fact, took more land than was set forth in the complaint, Appellants would have the right to file an inverse condemnation suit as Appellants themselves admit."

We are inclined to agree with the appellants' contention that "The refusal of the court to permit the introduction into evidence of Defendants' Exhibit No. 1 showing the area actually condemned by the State of Indiana as described from the Indiana State Highway monuments, was error since the trial court had full authority under Burns' Ind. Stat. Anno., § 3-

1707 to have the jury hear evidence on the actual amount of land appropriated by the State and to grant full, true and just compensation for all property taken in this one action. Otherwise defendants would have to resort to an inverse condemnation action and try the question of damages piece meal."

In support of the above proposition appellant has cited *City of Lebanon* v. *Public Service Co. of Indiana* (1938), 214 Ind. 295, 14 N. E. 2d 719; *Public Service Co.* v. *City of Lebanon* (1943), 221 Ind. 78, 46 N. E. 2d 480; *Schnull* v. *Indianapolis Union Ry. Co.* (1921), 190 Ind. 572, 131 N. E. 51.

This cause is reversed and remanded to the trial court with instructions to grant appellants' Motion for a New Trial.

Lewis, C. J., and Arterburn and Hunter, JJ., concur; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 374.