THIESING VENEER CO., INC. *v.* STATE OF INDIANA.

[No. 169S11. Filed September 28, 1970.]

*Hollowell & Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a denial of appellant's request for injunction in the Hancock Circuit Court. A chronology of the relevant events is necessary in order to resolve the issues in this case.

On July 16, 1968, appellee filed a complaint for condemnation of certain real estate owned by appellant, to be used in construction of highway I-70. The appellee sought to appropriate part of the land permanently, and sought a temporary easement on two other parcels of land. On July 26, appellant filed his objections to the complaint. One of appellant's objections was that appellee had no statutory authority to temporarily take the two parcels of land.

On September 3, the trial court overruled the appellant's objections and filed its order of appropriation and appointment of appraisers. Appellant did not take an appeal from that order.

On September 23, the appraisers filed their report saying the property sought by appellee was worth $222,000. The improvements on the real estate described in the complaint were valued at $58,500.

On September 26, appellant filed his exceptions to the appraisers' report and a request for jury trial.

On December 3, with the case in the above posture, appellant filed his verified petition for injunction. This was denied on December 20, and appellant now attempts to appeal from this decision of the trial court.

In appellant's response to appellee's motion to dismiss this appeal, appellant sets out the issue presented on this appeal as follows: 1) there is no statutory authority to appropriate temporary right-of-way; 2) there is no statutory authority to condemn permanent improvements separate from appropriation of land; 3) the complaint is indefinite in describing temporary right-of-way; 4) the condemnor must show clear legislative authority to appropriate; 5) the complaint does not seek to condemn portions of the building in question and the appraisers' report made no award of damage therefore.

We do not decide the issue presented by appellee in its motion to dismiss, however we dismiss this appeal on our own motion for the following reason.

With the exception of the mention of an inadequacy in the appraisers' report in No. 5, all of the issues presented by appellant on this appeal were presented to the trial court in appellant's objections to appellee's complaint. The trial court resolved those issues against appellant and appellant did not take its appeal as permitted by Acts 1905, ch. 48, § 5, Burns Ind. Stat. Ann. § 3-1705, which reads in part:

"But if such objections are overruled, the court or judge shall apoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers, such defendants, or any of them, may appeal to the Supreme or Appellate Court from such decision as and in the manner that appeals are taken from final judgments in civil action. . . ."

By failing to appeal appellant waived it's adequate remedy at law and thereby foreclosed any review of these issues and it may not use a suit for injunction to bypass the orderly procedure set out in the statute. In *Whitlock* v. *Public Service Co. of Indiana, Inc.* (1959), 239 Ind. 680, 159 N. E. 2d 280,

rehearing denied 161 N. E. 2d 169, the appellant, in an appeal from the trial on damages, sought review of an issue that had been raised by appellant's objections to appellee's complaint for condemnation. This court held that he could not do so, saying:

> "It is urged upon us that a failure to appeal from adverse rulings on such interlocutory orders in the first part of the proceedings is a waiver of any right to present such objections thereafter. . . .
>
> Reasoning, therefore, from these cases we are supported in the conclusion that a failure to appeal from an interlocutory order is a waiver of any claimed error which could be raised thereby for consideration on such appeal. Cases where no appeal is authorized from interlocutory orders should be distinguished, since in those cases errors in the granting of such interlocutory orders, if properly saved, may be considered upon final appeal on the merits."

In our case the issue as to the propriety of the appraisers' award has not yet been tried. At that trial appellant may raise the issue of what the appraisers' award included. *Flesch* v. *State* (1968), 250 Ind. 529, 237 N. E. 2d 374. If appellant loses at trial he may appeal under Burns § 3-1705, *supra*. Appellant may not use a suit for injunction as a vehicle to short-circuit normal, adequate legal procedures. *Lake County Trust Co*. v. *Indiana Port Commission* (1967), 248 Ind. 362, 229 N. E. 2d 457.

Appeal dismissed.

Hunter, C.J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 889.