KELLER *v.* STATE OF INDIANA.

[No. 1069S243. Filed September 29, 1970. Rehearing denied November 25, 1970.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

DeBRULER, J.—This is an appeal from a conviction for inflicting physical injury while in commission of a robbery, in violation of Acts 1941, ch. 148, § 6, Burns Ind. Stat. Ann. § 10-4101, in a trial without jury in Marion County Criminal Court, Division Two.

The appellant's first contention is that there was insufficient evidence to show that appellant was one of the participants in the crime charged. In reviewing the allegation of insufficient evidence this court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher v. State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably

infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The evidence which tends to support the trial court finding that appellant was one of the participants in this crime is as follows: Langley Walker testified that he was sitting on his porch at 513 E. 11th Street, Indianapolis, Indiana, around 9:00 p.m. on June 14, 1968, when he noticed a man falling. Three other Negro men were bent over him, one of them hitting the fallen man with a hammer. Walker's wife called the police while Walker and a neighbor, Charles Pettypiece, followed the three men in Walker's cab. The three men went south on Park Street to an alley and partially in behind a house where they stopped to sort out something, although Walker couldn't say for sure that it was a billfold. Walker said that the men had not been out of his sight up to this point. The three men then continued east in the alley, crossed Broadway and went to the parking lot of Paul Sheaffer's College Tavern and liquor store in the ten hundred block of N. College. In the meantime Officer Rackemann arrived, talked to Walker and he went around 11th Street while Walker went around 10th Street arriving just after Rackemann arrested the three men in the parking lot of the liquor store. Walker testified that the three men arrested were the same three men he had seen bending over and beating the man on 11th Street. At trial he could not identify appellant as one of the men but he was sure that if appellant was one of the men arrested by Officer Rackemann in the liquor store parking lot, then he was one of the attackers.

Charles Pettypiece testified that he was in the cab with Walker following the three men and that they lost sight of the three for a period of only 15-20 seconds. He identified appellant as one of the men arrested in the liquor store parking lot.

Officer Rackemann testified that he received a call at 9:15 p.m. on June 14, 1968, and upon arrival talked to Walker who had been following the three men. Rackemann arrested the men in the parking lot of Paul Sheaffer's liquor store. Officer

Rackemann retraced the route taken by the three and about one block from the scene of the arrest found items from the victim's wallet including his draft classification card.

Owen McNeer, the victim, testified that at the time he lived at 524 E. 11th Street. He said he went out in the alley to check something somebody hit him on the head and that is all he remembers.

Appellant was identified as one of the three persons arrested by Officer Alan Rackemann in the liquor store parking lot. There was testimony that if appellant was one of the men arrested by Officer Rackemann, then he was one of three men who beat and robbed Mr. McNeer. This testimony was firm and unequivocal, and we believe it was sufficient to support the trial court finding that appellant was one of the three men who beat and robbed the victim.

At trial appellant offered witnesses whose testimony was intended to contradict the appellee's evidence that appellant was one of the three participants in the robbery and to show that appellant was not in the vicinity at the time. It was for the trial court to accept or reject the conflicting testimony of witnesses and this court is not in a position to re-determine that issue. In *Asher v. State, supra,* this court said:

> "The conflicting testimony was presented to the jury, and as a result of their weighing the evidence the conclusion of guilt was reached. On appeal we look only to the evidence most favorable to the state to see if there is enough evidence to support the conviction, which in this case there plainly is. For an appellate court to go beyond this role is an invasion of the function of the trial court."

See also *Jackson v. State* (1924), 194 Ind. 561, 143 N. E. 625.

Appellant also contends that the trial court's remarks to the prosecutor during the sentencing showed that the trial court had reasonable doubt as to the guilt of appellant and therefore the verdict is contrary to law.

We do not agree. This colloquy took place at the sentencing on July 25, 1969, fifteen days after the conclusion of the trial

and the finding by the trial court that appellant was guilty. The context of the colloquy shows that the trial court's remarks were meant to express displeasure with the prosecutor's office for not prosecuting appellant under a lesser statute and they did not indicate that the trial court had a reasonable doubt as to appellant's guilt.

Judgment affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 262 N. E. 2d 382.