STATE OF INDIANA *v.* JACK R. ROBERTSON ET AL.

[No. 971S287.  Filed March 23, 1973.]

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellant.

*John L. Carroll, Johnson, Carroll & Griffith,* of Evansville, for appellees.

DEBRULER, J.—This is an appeal by the State in a highway condemnation proceeding following a trial by jury resulting in a verdict and judgment for appellee-landowners in the sum of $25,000.00.  A brief chronology of procedural events accurring prior to the trial on damages is necessary to understand the alleged errors upon which the State bases this appeal.  An order of appropriation of a portion of appellees' tract of land was made without legal objection by appellees, following the filing of the complaint, and appraisers were appointed.  The appraisers filed their report and both the State and appellee-landowners filed exceptions to it.  Three months after the filing of the exceptions and prior to trial of damages, appellee-landowners filed a pleading in the same case and under the same cause number, denominated a cross-complaint, in which they alleged that the State was in fact taking and

appropriating more of their tract of land for construction of this highway than was described in the complaint and order of appropriation, and in effect requested the trial court to enlarge and increase the take of the State from their tract from 1,612 sq. ft. to 11,108 sq. ft. The State filed a motion to strike this cross-complaint relying upon the prohibition in IC 1971, 32-11-1-5, being Burns § 3-1705, against pleadings other than the complaint, answer and objections.

The trial court overruled this motion to strike the cross-complaint with the following entry:

> "Comes now the Court and being advised, overrules the motion of the State of Indiana to strike the defendant's cross-complaint and now the State is ordered to answer further under the Rules of Procedure."

It is this ruling of the trial court that the State assigns as the first error on appeal.

Following the denial of their motion to strike, the State filed an answer sounding in general denial. A trial to the court followed next upon the issues presented by the cross-complaint and the answer, resulting in findings and judgments for appellee-landowners which reads as follows:

> "Comes now the plaintiff by its attorneys, Theodore L. Sendak, Attorney General of Indiana, and Richard Speelman, Deputy Attorney General of Indiana, and comes now the defendants by their attorneys, Johnson and Carroll, and this cause being at issue upon the Cross-Complaint of Defendants, Jack R. Robertson, Rosella Robertson, Mildred Robertson and Albert Robertson, and the answer thereto filed by the plaintiff herein, sames comes on for trial, finding and order by the Court, without the intervention of a jury. And the Court having heard the evidence and being duly advised in the premises finds as follows:
>
> 1. The defendants, Jack R. Robertson and Rosella Robertson, are the owners of the following described real estate situated in Warrick County, State of Indiana, to-wit: (Here follows legal description of entire tract owned by appellee-landowners)
>
> 2. That the plaintiff, acting through its legally organized and constituted commission known and designated as the

Indiana State Highway Commission, is now engaged in the construction of a certain public highway in Warrick County, Indiana, said highway being known as #I-64 Project No. I-64-1 (42) 26, said highway being that the same is to be improved and maintained by the said Indiana State Highway Commission as a part of said state highway system; that said Indiana State Highway Commission has heretofore prepared and adopted plans for the improvement of said highway.

3. That for the purpose of improving the highway above described, it is necessary that plaintiff take and appropriate under the powers vested in it by the General Assembly of the State of Indiana, the fee simple title to part of the tract owned by the defendants described in paragraph 1 above. The part being appropriated and condemned by the plaintiff is described as follows, to-wit:

(Here follows legal description of additional strip which landowners contend was being appropriated and which they were seeking to have included in this suit.)

4. That upon the real estate owned by the defendants, Jack R. Robertson and Rosella Robertson, and described in paragraph 1 above, the defendants have erected a restaurant and parking area for customers of defendants' restaurant; that by reason of the taking of the real estate above described in paragraph 3 hereof, the defendants will lose the value of the real estate being taken and may sustain damages to the residue of the real estate not taken.

5. That the allegations of defendants' cross-complaint are proven and true and that said plaintiff has appropriated and is entitled to condemn and appropriate the strip of land described in paragraph 3 above for highway purposes.

IT IS THEREFORE ORDERED AND ADJUDGED that the real estate described in paragraph 3 above has been taken by the plaintiff, State of Indiana, for highway purposes and that the defendants are entitled to compensation therefor.

And now the parties in open court waive the requirements of Burns Indiana Annotated Statutes, Sections 3-1704 through 3-1705 and 3-1706 relating to the appointment of appraisers. The report thereof and the filing of exceptions thereto as set forth in Burns Indiana Annotated Statutes, Section 3-1707, it being deemed that each of the parties hereto have filed exceptions and request for jury trial upon the issue of damages and benefits, if any, which the said defendants herein respectively may sustain by

reason of the taking of the real estate above described for highway improvement.

And now each of the parties requests trial by jury.

AND NOW IT IS FURTHER ORDERED that the trial on the issue of damages and benefits for the land being taken as above described is hereby consolidated for trial on the issue of damages and benefits from lands having been taken by the plaintiff as described in plaintiff's complaint, being the following described real estate situated in Warrick County, State of Indiana, to-wit:

(Here follows legal description of lands taken as described in original complaint)

AND IT IS FURTHER ORDERED that for purposes of such trial by jury that the taking of both of said parcels of real estate above described shall be considered one taking and such taking shall be determined as of July 10, 1969, the date of the service of summons upon the defendants herein.

AND IT IS FURTHER ORDERED that the within cause is now assigned for trial by jury on the 21 day of October, 1970, at 9:30 o'clock A.M."

No appeal of this order was taken by the State at the time, but rather the State filed an amended complaint redescribing the land appropriated by the State so as to include the additional strip adjudicated on the cross-complaint to be included in the land appropriated by the State. The trial on the issue of damages followed upon the amended complaint and substituted appraisers' report and exception of the parties, resulting in a jury verdict for appellee-landowners in the sum of $25,000.00. Consistent judgment followed.

It is the State's second contention of error that this order and judgment upon the cross-complaint is erroneous. The State makes two arguments in support of this contention; first, that it denied the title of landowners in the disputed strip of land and that the court went beyond the scope of condemnation proceedings in trying the issue of title. Second, the State argues that assuming landowners held legal title to the additional strip of land and that it was necessary for the State to condemn this strip, still the trial court committed

error in ordering the State to take it in this proceeding, since the State enjoys the option of condemning the two parcels in separate suits, which option or choice of the State was effectively cut off by this order.

The prayer of the State in this appeal is that this judgment be reversed and a new trial be ordered on the issue of damages based upon the original complaint filed by the State, the Court appointed appraisers' award, and the exceptions of the parties.

It is important to note here what the State does not contend in this appeal. There were two trials held in the trial court, the first being to the court on the issues raised by the cross-complaint and answer and the second being to a jury on the issue of damages. The State does not contend that any legal errors were made in the course of either of these trials or that the findings and conclusions of the court or verdict of the jury were unsupported by sufficient evidence. It does not contend that it was denied a full opportunity to litigate the lawfulness of the appellees' title to the additional disputed strip. It does not argue that the finding of the trial court, that the State intended and needed to use the additional stript of land for construction of the highway, was erroneous. It does not contend that the jury verdict was excessive or unsupported by the evidence. Instead, the State has chosen to await the outcome of the trial of the issue of damages and then to rely solely upon the alleged errors of the trial court in overruling its motion to strike the cross-complaint and in rendering its order following the trial of the additional issues raised by that cross-complaint, both of which actions of the trial court occurred prior to the trial for damages.

We do not reach the issues raised by appellant in its brief, but instead order this appeal dismissed on our own motion. Following the trial court's trial and order on the issues raised by the cross-complaint and answer thereto, the appellant should have taken an appeal from it pursuant to Burns § 3-1705, *supra,* which reads in part:

"Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section eight [§ 3-1707] of this act: Provided That amendments to pleadings may be made upon leave of court. *If such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court from such decision,* as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound." (Emphasis added.)

The order of the trial court set out above, which the State contends was erroneously made is an order, which is, in legal effect and in the consideration of the parties as reflected by the record, an order sustaining the appellees' objections to the original complaint. Instead of appealing the order immediately, the State chose instead to file an amended complaint. In making this choice, and in failing to immediately appeal from the order, the State has waived any claimed error in making such order. *Whitlock* v. *Public Service Co. of Indiana, Inc.* (1959), 239 Ind. 680, 159 N. E. 2d 280; *Thiesing Veneer Co. of Ind.* v. *State* (1970), 254 Ind. 699, 262 N. E. 2d 382. In considering this order to be one sustaining objections, we realize that the cross-complaint was not denominated as an "objection" and that it was filed after the time limited by the statute for filing of objections. Burns § 3-1705, *supra.* However, we do not consider these contra-indications to our holding to be controlling here. Neither do we consider the State to have been misled by the admittedly unusual procedures adopted by the trial court into failing to prosecute its interlocutory appeal. The State knew that the order of

the trial court sustained an allegation of the appellee-landowners that the lands actually taken by the State were not properly described in the original complaint. The State agreed in the order that additional appraisers need not be appointed and that the original exceptions should serve as legally filed exceptions. The State then filed an amended complaint without compulsion from the court. The amendment of a complaint after objections are sustained to an original complaint, is the alternative course afforded by Burns § 3-1705 to that of appeal.

Appeal dismissed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 293 N. E. 2d 775.