Randall HASS, Lewis Hass, III, Dr. Richard Hass, and Porter County, Indiana, Appellants–Defendants,

v.

STATE of Indiana—Department of Transportation, Appellee–Plaintiff.

No. 64A03–0501–CV–11.

Court of Appeals of Indiana.

March 20, 2006.

Rehearing Denied May 24, 2006.

Randall Hass, Lewis Hass, III, Dr. Richard Hass, Villa Park, IL, pro se Appellants.

Steve Carter, Attorney General of Indiana, Maureen Ann Bartolo, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Randall Hass, Richard Hass, and Lewis Hass III ("Appellants") appeal the trial court's judgment arising from an eminent domain case in which they had their land appropriated by the Indiana Department of Transportation ("INDOT"). Specifically, Appellants allege that the trial court erred by overruling their objections to INDOT's complaint for appropriation, that the compensation award did not include all statutorily-required damages, and that the trial court judge should have recused himself. Finding no error, we affirm.

### Facts and Procedural History

On October 30, 2002, INDOT wrote to Appellants, informing them that it needed a parcel of their land on U.S. 6 in Porter County, Indiana, for purposes of Project No. STP–212–1(14), a public highway improvement ("the Project"). INDOT offered to purchase Appellants' land for the sum of $9580.00, but Appellants rejected this offer. Thereafter, on September 25, 2003, INDOT filed a Complaint for Appropriation of Real Estate ("Complaint") asking the trial court to order the appropriation of Appellants' land.

Appellants then filed twenty-three objections to INDOT's Complaint. Judge Bradford overruled all of Appellants' objections and appointed three appraisers, who determined the fair market value of Appellants' property to be $28,480.00. The court ordered INDOT to deposit that amount and the $2150.00 appraisers' fee with the clerk of courts, which INDOT did. As Appellants failed to file exceptions to the appraisers' report by the statutory deadline, INDOT filed a Motion for Judgment. Therefore, on August 24, 2004, Judge Bradford entered judgment, awarding title to the land to INDOT and $28,480.00 to Appellants.

Thereafter, on November 9, 2004, the trial court clerk received Judge Bradford's August 24, 2004, order, and service was issued that day. On November 17, 2004, Appellants filed two motions, a "Motion to Vacate a Judgment Based on Fraud or in the Alternative Motion to Reconsider Based on Failure to Meet Requirements of Law" ("Motion to Vacate Judgment") and a "Motion To For [sic] Stay of Proceedings" ("Motion to Stay"). *Id.* at 136–40. Judge Bradford filed the following order on December 10, 2004:

The Court has reviewed the motions and other items pending in this cause and finds that further hearing is unnecessary. The Court now denies [Appellants'] Motion to Stay Proceedings filed November 17, 2004 and further denies [Appellants'] Motion to Vacate Judgment, that was also filed November 17, 2004.

The judgment entered by the Court on August 24, 2004 shall stand as a final appealable order in this cause.

On October 12, 2004 [Appellants] filed a Notice of Appeal. The Clerk has subsequently filed a Notice of Completion of Clerk's Record. That record should be supplemented by a copy of the August 24, 2004 judgment. This cause is to proceed on appeal as if [Appellants'] No-

tice of Appeal was filed on the date of this order.

Appellee's App. p. 144. Appellants filed a Notice of Appeal on January 7, 2005, and this appeal ensues.[1]

## Discussion and Decision

■ As a preliminary matter, INDOT contends that Appellants waived appellate review on all issues by failing to provide cogent argument and adequate citations to the record. *See* Ind. Appellate Rule 46(A)(8)(a). While we agree with INDOT that the briefs submitted by the *pro se* Appellants are at times difficult to understand, we prefer to address issues on their merits if possible. *Welch v. State,* 828 N.E.2d 433, 436 (Ind.Ct.App.2005). Here, we were able to identify the following issues: (1) whether the trial court properly overruled Appellants' objections challenging INDOT's need for their property and claiming that INDOT fraudulently concealed the true purpose of the taking; (2) whether the appraisers failed to consider certain elements of damages; and (3) whether Judge Bradford should have recused himself. We discuss each issue below.

## I. Objections

■ Appellants' main contention on appeal is that the trial court erred in overruling its objections to INDOT's Complaint. Specifically, Appellants argue (1) that INDOT does not need their land for the Project and (2) that INDOT's true purpose in taking their land is to benefit private

utility companies. INDOT responds that Appellants waived appellate review of the trial court's order overruling its objections by failing to timely appeal from that interlocutory order. We must agree.

■ "Eminent domain proceedings are statutory, and where the statute fixes a definite procedure it must be followed." *Lehnen v. State,* 693 N.E.2d 580, 582 (Ind. Ct.App.1998), *trans. denied.* The procedure for the exercise of eminent domain is outlined at Indiana Code § 32–24–1–1 *et seq.* This Court has summarized the process as follows:

First, when the complaint is filed a notice is issued and served on the landowner requesting his appearance at a stated time to show cause, if any he have, why the land should not be appropriated. If he believes he has cause he may file "objections." If no objections are filed, or if those filed are overruled, an order of appropriation is entered and three appraisers are appointed and ordered to file their report appraising the damage to the landowner resulting from the appropriation.

Second, within twenty days of the date the report of appraisal is filed, either or both parties may file "exceptions" to the appraisal. If timely filed, exceptions raise the issue of the amount of the landowner's damages. That issue is tried de novo by the judge, or by a jury if timely requested. If no exceptions are timely filed the appraisers' award becomes final.

---

1. INDOT argues that we do not have jurisdiction over this appeal because this Court dismissed as untimely Appellants' original Notice of Appeal, filed on October 12, 2004, which was not filed within thirty days of the trial court's August 24, 2004, order, as required by Appellate Rule 9(A). However, as stated above, the August 24, 2004, order was not served on Appellants until November 9, 2004. Thereafter, on December 10, 2004, the

trial court entered an order in which it effectively granted Appellants more time to appeal the August 24, 2004, order. *See* Ind. Trial Rule 72(E). Then, on January 7, 2005, Appellants filed their second Notice of Appeal, well within thirty days of the trial court's December 10, 2004, order. Therefore, while we dismissed Appellants' original appeal as untimely, the current appeal is timely and properly before us.

*Id.* at 581–82. Generally stated, the "objections" phase of an eminent domain proceeding concerns the propriety of the taking itself, while the "exceptions" phase deals with the issue of just compensation. *See Cordill v. City of Indianapolis Through Dep't of Parks and Recreation*, 168 Ind.App. 685, 694, 345 N.E.2d 274, 279 (1976) (Sullivan, J., dissenting) ("Eminent domain proceedings . . . are peculiarly bifurcated.").

■ An appeal could arise from either of these two phases. Here, the Appellants filed objections, which the trial court overruled. Indiana Code § 32–24–1–8(e) provides, in pertinent part: "If the objections are overruled, the court shall appoint appraisers as provided for in this chapter. Any defendant may appeal the interlocutory order overruling the objections and appointing appraisers in the same manner that appeals are taken from final judgments in civil actions[.]"

In construing similar language from the predecessor to Indiana Code § 32–24–1–8,[2] the Indiana Supreme Court has held that if a defendant fails to timely appeal from an interlocutory order overruling objections, he waives review of those issues. *Thiesing Veneer Co. v. State*, 254 Ind. 699, 700–01, 262 N.E.2d 382, 383 (1970). The Court has explained the reason for this rule:

> If there was sufficient injury done the appellant at that point in the proceedings, it would be only fair to all concerned that the issue be expeditiously presented to this court for consideration on appeal before further proceedings were had therein, consuming time and money of all the parties concerned.

*Whitlock v. Pub. Serv. Co. of Ind., Inc.*, 239 Ind. 680, 686, 159 N.E.2d 280, 283 (1959), *reh'g denied; see also State v. Robertson*, 260 Ind. 174, 179–180, 293 N.E.2d 775, 778–79 (1973) (finding waiver where plaintiff failed to take interlocutory appeal of trial court order *sustaining* defendant's objections). In other words, the reason a defendant is required to immediately appeal an interlocutory order overruling objections is that if those objections are sustained on appeal, the trial court may not even need to reach the second phase of the eminent domain proceeding, i.e., the valuation phase.

We acknowledge what may be considered a trend in Indiana decisions toward finding that a claimed error in an interlocutory order is not waived for failure to take an interlocutory appeal but may be raised on appeal from the final judgment. *Bojrab v. Bojrab*, 810 N.E.2d 1008, 1014 (Ind.2004); *Georgos v. Jackson*, 790 N.E.2d 448, 452 (Ind.2003). This trend places into question the continued validity of the mandatory interlocutory appeal rule of *Whitlock*, *Thiesing Veneer*, and *Robertson*. This Court has said that the rationale behind a rule prohibiting appeals of interlocutory orders after final judgment is that those appeals are often moot by the time final judgment is entered. *In re Newman's Estate*, 174 Ind.App. 537, 545–46, 369 N.E.2d 427, 432 (1977) (asserting that an appellate court would be wasting its time to consider the merits of a trial court's issuing a temporary injunction when the injunction has been either superseded or dissolved by the time of the appeal from a final judgment in proceedings subsequent to the issuance of the injunc-

---

2. Indiana Code § 32–11–1–5 (1971) provided, in pertinent part:

> But if such objections are overruled, the court or judge shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objec-

tions and appointing appraisers, such defendants, or any of them, may appeal to the Supreme or Appellate Court from such decision as and in the manner that appeals are taken from final judgments in civil actions[.]

tion). However, a trial court's overruling of a defendant's objections to an eminent domain complaint does not become moot upon entry of final judgment. To the contrary, if a defendant could prove on appeal that the trial court erred in overruling his objections, it is possible that the appellate court would have to reverse the trial court's final judgment, not just the decision on the objections.

■ That being said, we are constrained by Indiana Supreme Court precedent to hold that a defendant who fails to take an interlocutory appeal of a trial court order denying objections to an eminent domain complaint waives review of that issue after entry of final judgment. *Thiesing Veneer,* 254 Ind. at 700–01, 262 N.E.2d at 383; *Whitlock,* 239 Ind. at 686, 159 N.E.2d at 283; *see also Robertson,* 260 Ind. at 179–180, 293 N.E.2d at 778–79.

Here, Appellants had thirty days from the entry of the trial court's order overruling their objections in which to file a Notice of Appeal. Ind. Appellate Rule 9(A). The trial court's order overruling Appellants' objections was entered on April 15, 2004. Appellants did not file a Notice of Appeal from that order within thirty days; indeed, they did not appeal at all from that interlocutory order. Therefore, they have waived review of those objections.

■ Waiver notwithstanding, we find that the trial court properly overruled Appellants' objections. As stated above, Appellants essentially make two claims: (1) that INDOT failed to prove that there is a public need for Appellants' property and (2) that even if a *prima facie* public need can be shown, INDOT has fraudulently concealed the true private purpose for which Appellants' land is actually being taken, that is, to facilitate the development of a "utilities corridor" in northwest Indiana. Appellants' Br. p. 6–7.

■ It is well-established in Indiana that "the question of the necessity or expediency of a taking in eminent domain lies within the discretion of the Legislature and is not a proper subject for judicial review." *Wampler v. Trs. of Ind. Univ.,* 241 Ind. 449, 454, 172 N.E.2d 67, 70 (1961); *see also State v. Collom,* 720 N.E.2d 737, 740 (Ind.Ct.App.1999); *Rudolph Farm, Inc. v. Greater Jasper Consol. Sch.,* 537 N.E.2d 1199, 1201 (Ind.Ct.App.1989). Therefore, we will not review Appellants' contention that INDOT failed to prove a public need for Appellants' land; this is generally a legislative question. However, where "a question of fraud or bad faith is raised as where an attempt is made to show that the property taken will not be used for a public purpose, or the proceeding is a subterfuge to convey the property to a private use," courts may inquire into the administrative determination of necessity. *Cemetery Co. v. Warren Sch. Township of Marion County,* 236 Ind. 171, 188–190, 139 N.E.2d 538, 546–47 (1957); *see also Michael v. City of Bloomington,* 804 N.E.2d 1225, 1231 (Ind.Ct.App.2004); *Collom,* 720 N.E.2d at 740. Appellants have raised such a question. That said, we find that Appellants have failed to show that INDOT's taking is fraudulent or is a subterfuge for a private use. Appellants have not directed us to anything in the record that would support such a finding, and we can find nothing. With nothing more to consider than the bare allegations of the Appellants, the trial court did not err in overruling Appellants' objections regarding fraud.

## II. Appraisers' Report

■ Appellants also contend that the appraisers failed to determine the damages to the residue of their property caused by taking out the part sought to be acquired, as required by Indiana Code § 32–24–1–9(c)(3). They say the apprais-

ers' report failed to include amounts for "loss of value, loss of access, loss of easement moneys, fence destruction, catch basin destruction, drainage problems engendered, etc." Appellant's Br. p. 7. However, Appellants failed to file exceptions to the appraisers' report with the trial court. By failing to file exceptions, Appellants have waived review of the issue of damages. Indeed, as INDOT notes, "because [Appellants] failed to file exceptions, thereby waiving a trial, there is no evidence for this Court to review." Appellee's Br. p. 16. *See Lehnen,* 693 N.E.2d at 582 ("Failure to file exceptions within the requisite time has been held to deprive the court of jurisdiction to try the issue of damages. If neither party files the exceptions, the appraisers' award is conclusive.").

### III. Trial Judge's Recusal

 Appellants also argue that Judge Bradford should have recused himself because he "has been involved in real estate work [and] stated ... that he owns land on State Road 149[and] drives by the [Appellants'] property at least twice a day." Appellants' Br. p. 10. They continue, "His *ex parte* actions show that a change of venue was in order but denied." *Id.* We first note that Appellants never moved for a change of judge or for Judge Bradford's recusal. The motion for change of venue that Judge Bradford denied concerned only the county of venue, not the judge, and Judge Bradford denied the motion because of Appellants' own failure to strike from the list of counties provided as alternatives. *See* Ind. Trial Rule 76(D) ("A moving party that fails to strike within said time shall not be entitled to a change of venue, and the court shall resume jurisdiction of the cause.").

 Likewise, the fact that Judge Bradford lives near the property that is the subject of an eminent domain action

and drives past that property twice a day is not alone sufficient to require his recusal. We refuse to hold that a judge's general knowledge of the location of property that is the subject of an eminent domain action in that judge's court is the sort of "personal knowledge" requiring recusal under the Code of Judicial Conduct. *See* Ind. Judicial Conduct Canon 3(E)(1)(a) ("A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where: (a) the judge has ... personal knowledge of disputed evidentiary facts concerning the proceeding[.]"). Furthermore, Judge Bradford's knowledge of the location of the property does not implicate any of the circumstances calling for recusal in Trial Rule 79(C). There has been no showing that Judge Bradford has an interest that could be substantially affected by the proceeding, Ind. Trial Rule 79(C)(3), or that he is otherwise associated with the pending litigation in such fashion as to require disqualification. T.R. 79(C)(4).

Finally, Appellants aver at different points in their brief that Judge Bradford should have recused himself because he engaged in improper *ex parte* communications with INDOT's attorney. *See* Appellants' Br. p. 11, 13. Specifically, Appellants focus on two allegations: first, that Judge Bradford accepted faxes from INDOT but refused to accept faxes from Appellants, and second, that Judge Bradford continued a scheduled hearing by signing a proposed order submitted by INDOT. Even if we assume these allegations to be true, neither action was improper and neither requires reversal.

### Conclusion

Appellants waived their argument that the trial court erred in overruling their objections to INDOT's Complaint. Waiver notwithstanding, the trial court properly

overruled Appellants' objections. Furthermore, Appellants failed to file exceptions to the appraisers' report, thereby waiving review of any issue regarding damages. Finally, Appellants have failed to show cause why Judge Bradford should have recused himself.

Affirmed.

ROBB, J., and MATHIAS, J., concur.