**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**




ATTORNEY FOR APPELLANT:

**L. ROSS ROWLAND**
Rowland & Doyle
Muncie, Indiana

ATTORNEY FOR APPELLEE:

**RALPH E. DOWLING**
The Dowling Law Office
Muncie, Indiana

# IN THE COURT OF APPEALS OF INDIANA

WILLIAM H. LANE,

Appellant-Respondent,

vs.

CONNIE S. LANE,

Appellee-Petitioner.

No. 18A02-1107-DR-668

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Marianne L. Vorhees, Judge
Cause No. 18C01-1005-DR-76

**March 23, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following dissolution of the second marriage of William H. Lane ("Husband") and Connie S. Lane ("Wife"), Husband appeals the trial court's division of property. He raises the sole issue of whether the trial court erred in including in the marital estate assets he owned prior to the parties' second marriage. Concluding the trial court did not err, we affirm.

## Facts and Procedural History

Husband and Wife first married in 1996. A court dissolved this marriage and in 2002 the parties signed a mediation agreement, which the trial court approved in 2004. Husband and Wife married again in December 2006 and separated in May 2010. Wife filed for dissolution and the trial court dissolved the second marriage in March 2011. Following a hearing, the trial court issued an order regarding division of property in June 2011, which is the subject of this appeal.

Relevant to this appeal, the trial court entered the following findings of fact and conclusions of law:

> 2. . . . [Wife] is 39 years old and a teacher . . . . [Husband] is 70 years old and retired.
> ***
> 4. . . . The parties did not execute a pre-nuptial or antenuptial agreement to protect any assets in the event the second marriage ended in divorce. The second marriage is about 3 ½ years. The two marriages totaled about 11 years.
> ***
> 6. The parties agreed on many issues . . . .
> ***
> 9. Each party has his or her own defined benefit pension and/or annuity. They agreed that each should keep their own defined benefit payments and that they were equal in value. [Wife] shall take as her sole and separate property the

defined benefit pension acquired through the Indiana State Teachers Retirement Fund. (The cash portion of the benefit is included in the marital estate, as the Court will show later.) [Husband] shall take as his sole and separate property the monthly pension benefit he receives from the Chrysler Trust, and the monthly annuity payment he receives from U.S. Engineering.
***

***I. The Marital Estate as of May, 2010 (the Filing Date).***

12. The parties own the following assets with the values as stipulated by them:

| | |
|---|---|
| [Maddox Drive Property] | $75,000.00 |
| Less Line of Credit Debt: | $30,653.00 |
| *** | |
| [2nd Avenue Property in Florida] | $70,000.00 |
| [1st Court Property in Florida] | $117,700.00 |
| Less Mortgage Debt: | $29,000.00 |
| *** | |
| USB Portfolio IRA | $98,202.00 |
| *** | |

13. In addition to the debts associated with the assets listed above, the parties have other debts as follows . . . .
***
16. [Wife] asked the Court to divide the marital estate equally. . . .
17. [Husband] disagreed with the 50-50 analysis and asked the Court to award him more than 50% of the marital estate. He argued the first divorce agreement precluded [Wife] from taking a distribution from some of the same property. [Wife] would, in effect, he argued, be paid twice for the same assets. He also asked the Court to consider that he helped [Wife] by helping to pay on her student loans during the marriage.
***

***III. Division of the Marital Estate***

19. [Husband]'s proposal . . . is that the Court award him $375,950.00 in net assets and that [Wife] take $45,172.00 in net assets. [Husband] does not include the values of the IRA and the two Florida properties in his calculation . . ., which Indiana law requires the Court to consider. He also leaves out [Wife]'s student loan, which the Court must consider as well. [Husband]'s proposed division is therefore 91% of the marital estate to [Husband] and 9% to [Wife]. On its face, this proposal is very unfair to [Wife] and is not the just and equitable division that the Indiana Code requires.
20. [Wife] should take as her sole and separate property the following assets:
***

| | |
|---|---|
| 2nd Avenue, FL | $70,000.00 |
| *** | |

22. [Husband] should take as his sole and separate property the following assets:

| | |
|---|---|
| Maddox Drive | $75,000.00 |
| *** | |
| 1st Court, FL | $117,700.00 |
| *** | |
| USB IRA | $98,202.00 |
| *** | |

23. [Husband] should pay and hold [Wife] harmless as to the following debts:

| | |
|---|---|
| Maddox line of credit | $30,653.00 |
| 1st Court mortgage | $29,000.00 |
| *** | |

24. To summarize, [Wife] is taking assets totaling $172,005.00, with debts totaling $65,113.00, for a net marital estate of $106,892.00. [Husband] is taking assets totaling $374,544.00 and debts totaling $68,594.00, for a $305,950.00 net marital estate.

25. The net marital estate between the two parties totals $412,842.00. The law presumes that each party should take one-half. The Court finds [Husband] has presented sufficient evidence to rebut the 50-50 presumption. The second marriage was relatively short (about 3 ½ years), the parties had no children together, and to her credit and great benefit, [Wife] has a stable career by which to support herself. [Husband] did not add any marital assets to the IRA during either marriage. He owned the Maddox Drive property before the parties' first marriage. During the second marriage, [Husband] has gained a great benefit because they have increased the equity in the Florida properties substantially, and he added a new property (Pierce Street), which has no debt on it.

26. . . . [Husband] brought the IRA into the marriage. No marital assets were ever contributed to it. [Husband] showed his intent throughout the first and second marriages to maintain this asset as his sole and separate property. Taking this asset out of consideration and dividing all other assets 50-50, leaves approximately 33% or slightly more of the marital estate to [Wife]. Even without considering any mathematical way of dividing the marital estate, a 65%/35% split appears fair and reasonable . . . . [Husband] brought significant assets into the marriage and has previously paid $7,000 in cash to [Wife] for her share of some of those assets. [Husband] is retired and cannot replace any of these assets. So 35%/65% seems to be a fair division of the marital estate.

27. The Court finds that [Wife] should take 35% of the marital estate, or $144,495.00. She has $106,892.00 in net assets, and so [Husband] shall pay to [Wife] the sum of $37,603.00 to bring her percentage to 35%. . . .

***

Respondent-Appellant's Appendix at 21-28.[1]

Husband now appeals.

## Discussion and Decision[2]

### I. Standard of Review

The trial court entered findings of fact and conclusions of law pursuant to Indiana Trial Rule 52(A). Our standard of reviewing such findings and conclusions is well-settled:

> We must first determine whether the evidence supports the findings and second, whether the findings support the judgment. We will disturb the judgment only where there is no evidence supporting the findings or the findings do not support the judgment. We do not reweigh the evidence and consider only the evidence favorable to the trial court's judgment. Appellants must establish that the trial court's findings are clearly erroneous, which occurs only when a review of the record leaves us firmly convinced a mistake has been made. However, although we defer substantially to findings of fact, we do not defer to conclusions of law. Additionally, a judgment is clearly erroneous if it relies on an incorrect legal standard. . . . The purpose of Rule 52(A) findings and conclusions is to provide the parties and reviewing courts with the theory upon which the case was decided.

Maxwell v. Maxwell, 850 N.E.2d 969, 972 (Ind. Ct. App. 2006) (quotations and citations omitted), trans. denied.

---

[1] The trial court also considered rental income received during the pendency of the division of property, and concluded that Husband owes Wife $900.

[2] We note that in Wife's Statement of the Issue and Statement of the Case, she criticized Husband's appellate brief in argumentative paragraphs before she stated her own version of the issue (with two footnotes) for our review and statement of the case. In addition, Wife criticized Husband's Statement of the Facts and discussed appellate rules for nearly half of her own Statement of the Facts, which she contended describes the relevant facts. We advise counsel to reserve argument for the Argument section of the appellate brief and

## II. Division of Property

### A. Waiver

Wife first argues Husband has waived the issue he now raises by not explicitly challenging any of the trial court's findings or conclusions or contending the trial court relied on an incorrect legal standard. We deem the argument articulated in Husband's appellate brief sufficient to avoid waiving an appellate argument that the trial court either erred in finding that the Maddox Drive property, two Florida properties, and USB individual retirement account were part of the marital estate to be divided, or applied the wrong legal standard in entering a judgment on this finding. See Hass v. State of Indiana – Dep't of Transp., 843 N.E.2d 994, 997 (Ind. Ct. App. 2006) (explaining our preference to address issues on their merits if possible), trans. denied; see also Roberts v. Cmty. Hosps. of Indiana, Inc., 897 N.E.2d 458, 469 (Ind. 2008) (stating a preference for resolving cases on the merits "if in doubt" and declining to find waiver, regarding an issue on which there was no Indiana precedent but at least some federal authority).

### B. Marital Estate

The trial court found that Husband rebutted the presumption of a 50-50 division of the marital estate and allocated assets and debts with the intention of awarding 65% to Husband and 35% to Wife. See Respondent-Appellant's App. at 28; see also Scott v. Scott, 668 N.E.2d 691, 705 (Ind. Ct. App. 1996) (discussing the statutory presumption of equal division and rebuttal of the same). As noted, Husband argues on appeal that the trial court erred in considering the following as part of the marital estate to be divided: the Maddox Drive

---

summary thereof.

property, two Florida properties, and the USB retirement account. In other words, he argues those assets should have been awarded to him at the outset and not included in the marital estate or considered part of his 65% share of the same. In addition to essentially arguing for a larger share of the parties' assets, Husband seeks ownership of the Florida property on 2nd Avenue, which the trial court awarded to Wife.

Indiana Code section 31-15-7-4 provides that the marital estate includes "the property of the parties, whether: (1) owned by either spouse before the marriage; (2) acquired by either spouse in his or her own right: (A) after the marriage; and (B) before final separation of the parties; or (3) acquired by their joint efforts." Ind. Code § 31-15-7-4(a). "While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided." Hill v. Hill, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007).

Pursuant to this section, the assets which Husband mentions clearly must be included in the marital estate, and Husband fails to set forth a cogent argument or legal authorities in support of his claim that the trial court should have "set [them] aside to him" – and not included them in the marital estate. Respondent-Appellant's Amended Brief at 9. This failure is in violation of Appellate Rule 46(A)(8)(a), regarding an appellant's brief: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on . . . ." (Emphasis added).

> We demand cogent argument supported with adequate citation to authority because it promotes impartiality in the appellate tribunal. A court which must

> search the record and make up its own arguments because a party has not adequately presented them runs the risk of becoming an advocate rather than an adjudicator. A brief should not only present the issues to be decided on appeal, but it should be of material assistance to the court in deciding those issues. On review, we will not search the record to find a basis for a party's argument, . . . nor will we search the authorities cited by a party in order to find legal support for its position.

Young v. Butts, 685 N.E.2d 147, 151 (Ind. Ct. App. 1997) (citations and footnote omitted).

Husband does refer us to Indiana Code section 31-15-7-5(2)(A) and (5), but this is not persuasive because these sub-paragraphs are specific reasons for which the trial court may decide to deviate from the presumption of equal division of property after the trial court determines what property must be included in the marital estate. See Thompson v. Thompson, 811 N.E.2d 888, 912 (Ind. Ct. App. 2004) ("The trial court must first determine what property must be included in the marital estate.") (quoted in Respondent-Appellant's Amended Br. at 8-9), trans. denied. Thus, the trial court did not err by including all assets in the marital estate.

Nevertheless, we now consider whether the trial court erred in awarding to Husband "only" 65% of the marital estate or in not awarding to him the Florida property on 2nd Avenue. If this property were awarded to him and no other assets or debts were reallocated, he would receive 82% and Wife would receive 18%, which includes the $37,603 the trial court ordered Husband pay to Wife.[3] An 82-18 split is significantly different from the 65-35 split which the trial court intended and awarded, and we defer to the trial court's findings as

[3] To explain our calculations, we note the following. The parties agreed to the value of each specific asset and debt, and the net total is $412,842. The trial court awarded to Husband assets and debts with a net total of $305,950, and to Wife a net total of $106,892. This would have been a 74-26 split in favor of Husband. To effectuate its intention of a 65-35 split, the trial court ordered Husband to pay Wife $37,603, or 9% of $412,842, which results in a 65-35 split in favor of Husband. If, as Husband seeks, the trial court also awarded to him the 2nd Avenue Florida property, worth

to a fair and equitable division of property. See Maxwell, 850 N.E.2d at 974 (explaining our deference to trial courts regarding division of property). To the extent Husband argues the trial court should have awarded to him the Florida property on 2nd Avenue in place of some other assets, and concedes that the 65-35 split is not reversible error, we again defer to the trial court's division and note that the allocation of specific assets is within the discretion of the trial court. See Dean v. Dean, 439 N.E.2d 1378, 1383 (Ind. Ct. App. 1982) ("The mere fact that a different disposition of the property might have been effected under the same facts and circumstances will not permit us to substitute our judgment for that of the trial court.")

## Conclusion

Husband's appellate brief is sufficient to avoid waiver of the sole issue he raises on appeal. Nevertheless, where he does provide cogent argument it does not persuade us that the trial court committed reversible error in awarding him 65% of the parties' net assets. Therefore, we affirm.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.

---

$70,000, this would result in an 82-18 split in favor of Husband.